State, *ex rel.* Barnett National Bank of DeLand, v. Ben D. Thursby, *et al.*

150 So. 252.
Division B.
Opinion Filed October 6, 1933.
Rehearing Denied October 30, 1933.

*Hull, Landis & Whitehair,* for Relator;

*W. J. Gardiner,* for Respondents.

BUFORD, J.—This is an original mandamus proceeding before us on returns to the alternative writ, demurrer to the alternative writ, motion to strike portions of the return, motion to quash the alternative writ and motion for peremptory writ, the return not withstanding.

The motion to strike portions of the alternative writ will be denied.

Motion to quash the alternative writ will be denied.

The demurrer to the alternative writ and motion for peremptory writ will be considered together.

The proceeding was instituted to compel the Board of County Commissioners and the Clerk of the Board of County Commissioners, the Tax Assessor and the Tax Collector of Volusia County to levy, assess and collect a tax sufficient to pay the relator $6,000.00 and to require the payment of the proceeds of the tax to be made to the relator. Volusia County Fair Association was a non-profit corporation organized in compliance with Sections 4517-4527, inclusive, R. G. S., 6516-6526, inclusive, C. G. L.,

and was incorporated in November, 1925, under decree of the Circuit Court of Volusia County. From that date until and including the year 1932, Volusia County Fair Association annually conducted the county fair in Volusia County for the purposes provided in the statute. In 1930 on the 6th day of August, the County Commissioners of Volusia County adopted its annual budget of the expenses of the general fund of Volusia County aggregating a total of $134,900.00 to be raised for taxes to be levied in that county for the fiscal year beginning October 1st, 1930, and ending September 30th, 1931, and under the power and authority of the sections of the statute above mentioned the Board of County Commissioners included in such budget of the expenses of the general fund of Volusia County an appropriation for the said Volusia County Fair Association the sum of $6,000.00 for the purpose of aiding in the conduct of the fair to be held in February, 1931, which Volusia County Fair was held in the month of February, 1931. After the resolution adopting the budget was passed by the Board of County Commissioners, about October 6, 1930, Volusia County Fair Association, being in urgent need of money to prepare for and conduct the county fair to be held in February, 1931, applied to and received from the relator a loan of $6,000.00 in anticipation of the receipt of the appropriation of $6,000.00 above referred to, and executed to the relator an assignment of the appropriation of $6,000.00. On the same date the Board of County Commissioners of Volusia County, as a part of the same transaction, approved the assignment of the appropriation by Volusia County Fair Association, the assignment and approval being in words and figures as follows:

"*For Value Received,* The Volusia County Fair Association, Inc., hereby assigns, sets over and transfers unto the

Barnett National Bank of DeLand all of its right, title and interest in and to an appropriation of Six Thousand ($6,000.00) Dollars heretofore made by Volusia County through its Board of County Commissioners in the annual budget for the year 1930, and does hereby direct, authorize and instruct the Board of County Commissioners of Volusia County, Florida, to pay over such appropriation as and when the same is available, or any part or portions thereof from time to time when available to the Barnett National Bank of DeLand, Florida.

"*In Witness Whereof* said Volusia County Fair Association, Inc., has caused its name to be hereunto subscribed and its official seal affixed under due corporate authority and by appropriate action of the Board of Directors of said corporation, and executed by the Treasurer of said corporation and attested by the Secretary this 6th day of October, A. D. 1930.

VOLUSIA COUNTY FAIR ASSOCIATION, INC.
*By* R. G. Bennett,
*Its Treasurer.*

Attest:                                        (Corporate Seal)
E. W. Brown
*Its Secretary.*

Barnett National Bank of DeLand,
DeLand, Florida.
Attention Mr. L. A. Perkins
Gentlemen:

This will serve to advise you that the Board of County Commissioners of Volusia County, Florida, has this day received a true and correct copy of the within and foregoing assignment and does hereby consent and approve the same and will carry out the terms thereof as therein directed.

*Witness* the signatures of the Chairman and Clerk of said Board this 6th day of October, A. D. 1930.

VOLUSIA COUNTY, FLORIDA

*By* W. P. Wilkinson

*Chairman of the Board of*

Attest *County Commissioners.*

Saml. D. Jordan, (Seal of Board of County

*Clerk of the Board of* Commissioners, Volusia

*County Commissioners."* . County, Florida)

"Exhibit C"

"On motion duly made, seconded and adopted, the assignment of the Volusia County Fair Association, Inc., of the appropriation of $6,000.00 heretofore made by Volusia County Commissioners, in their 1930 budget, to The Barnett National Bank of DeLand, Fla., was duly approved, and a copy of said assignment was ordered filed with the records of the Board."

The tax was levied and collected to the extent of 97 4/10 per cent thereof and relator demanded payment over to it of the $6,000.00 collected for that purpose. The Board of County Commissioners refused to pay any part of the $6,000.00 over to the relator but, as is alleged in the alternative writ, diverted all of the money collected to other purposes, and, therefore, depleted the fund so that there remained on hand nothing with which to pay the claim of the relator. Thereafter the County Commissioners refused to levy a tax with which to pay relator's claim. Therefore, this suit.

There are two questions presented here. The first is, whether or not Volusia County is indebted to the relator in the sum of $6,000.00, and the other is, whether or not the

County Commissioners of Volusia County are estopped from denying the obligation of the County in this regard.

Under the statutes above referred to the appropriation of money by the County Commissioners to assist in holding, or to hold, a county fair is authorized. See Thursby, *et al.,* v. Stewart; Stewart v. Thursby, *et al.,* 103 Fla. 990, 138 Sou. 742.

Now, it appears from the record, as above stated, that the appropriation was made; tax was levied and collected for that special purpose; the fair was held; the county received all the benefits from the holding of the fair, including the benefits which resulted from the expenditure of the $6,000.00 advanced to the Fair Association by the relator under its assignment which had been specifically approved by the Board of County Commissioners in regular session and without which approval the money would evidently not have been procured. Not only did the Board of County Commissioners approve the assignment but advised the relator under the seal of the Board of County Commissioners that the assignment was approved and "will carry out the terms thereof as therein directed." The assignment directed the Board of County Commissioners to deliver the appropriation to the relator as and when the same was collected.

So it is that the levy, assessment and collection of the fund was lawfully made and the fund was dissipated without being applied to the purpose for which it was levied and collected. The County received consideration for the approval of the assignment in that the money was advanced and the fair was held.

It has been contended that the acts under which the relator claims are unconstitutional and void because these acts constituted the lending of the credit of the county to a corporation. We think this position is not tenable. Under

the statutes, the Fair Association became a county agency to expend public money for a county purpose, to-wit: for the purpose of conducting a county fair, and the officials of the Fair Association, acting as such, procured the loan with the approval and consent of the Board of County Commissioners and in conjunction with each other procured the relator to advance the money then needed for the purpose of holding the fair. In other words, the relator advanced the money to a county agency for a county purpose with the approval and consent of the Board of County Commissioners, together with the promise on the part of the Board of County Commissioners that the loan would be repaid as directed by the assignment, which was "as and when collected."

It is contended here that the county authorities could not be required to levy the tax necessary to pay this obligation and pay the same because the authorities are practically unanimous in holding that where public funds are to be expended the county commissioners must direct the purpose for which the funds are expended and that there was no direction by the County Commissioners in this case of the expenditure of the fund. We think this position is untenable because the law relied upon was complied with in the instant case. The fund was appropriated by the County Commissioners to be expended in the conduct of a county fair for Volusia County and the money was so expended.

. In view of the facts disclosed by the record, the county commissioners having participated in procuring the loan, the money having been expended for the purpose for which it was procured, that being a purpose which has heretofore been held by this Court to be one for which county funds may be legitimately expended, the County Commissioners are not in a position to be heard to say that the same does

not constitute a valid claim and existing debt against the county.

Therefore, the demurrer should be overruled and the peremptory writ should be issued.

It is so ordered.

Davis, C. J., and Whitfield, Ellis, Terrell and Brown, J. J., concur.