62 So.2d 404 (1953)
STATE et al.
v.
DADE COUNTY et al.
Supreme Court of Florida, Division A.
January 9, 1953.
Glenn C. Mincer, Miami, for appellants.
J. Mark Wilcox and Hudson & Cason, Miami, for Dade County.
Loftin, Anderson, Scott, McCarthy & Preston, Miami, for Bessemer Properties, Inc., appellees.
TERRELL, Justice.
This appeal is from a decree of the Circuit Court of Dade County, validating a proposed issue of "Dade County Port Authority Special Fund Certificates Fifth Series." Pursuant to Chapter 22963, Acts of 1945, as amended, the Board of County Commissioners, acting as the Dade County Port Authority, entered into a lease agreement with National Airlines, Inc. under the terms of which the Port Authority agreed to lease to National Airlines, Inc., a certain *405 parcel of land (described in the lease agreement) being a part of Miami International Airport. The Dade County Port Authority also agreed to construct on said premises, a warehouse and overhaul shop at a cost of $750,000 to be financed by the revenue certificates in question over a period of ten years. It was also agreed that in addition to ground rental National Airlines would pay an amount for the use of said premises sufficient to pay the principal and interest in said revenue certificates as they mature. The purchasers of the certificates were permitted to intervene and became parties to the suit.
It is admitted that all proceedings incident to the issuance of the revenue certificates were regular but it is contended (1) that Dade County Port Authority was without power to enter into the lease agreement and being so, it was devoid of authority to issue the revenue certificates. (2) There is grave doubt as to whether said revenue certificates are in fact revenue certificates or whether they are general obligation bonds of the County that require an approving vote of the freeholders as required by Section 6, Article IX of the Constitution, F.S.A.
We do not think there is any merit to either of these objections. Article III of the lease agreement details the manner in which the revenue certificates shall be issued. Chapter 22963, Acts of 1945, as amended by Chapter 24296, Acts of 1947, authorizes the County to enter into contract for various improvements, including the lease agreement and certificates in question. The act also authorizes the County to issue revenue certificates or bonds to pay for such improvements or projects and to pledge revenues arising from the improvements or projects to pay for them and that when done, the taxing power of the County must not be involved or resorted to to service them.
The resolution authorizing the issuance of the certificates and the face of the certificates both provide that they shall be payable, principal and interest, solely from additional rentals to be paid by National Airlines, Inc., as provided in Article III of the lease agreement and shall under no circumstances constitute an obligation of Dade County. Nor shall the county be required directly or indirectly to levy or pledge any taxes whatsoever to service them.
It is accordingly our view that the county was fully authorized to enter into the lease agreement with National Airlines, Inc., that the certificates are not bonds that require an approving vote of the freeholders as required by Section 6, Article IX of the Constitution, but that they are as the resolution and their face import, revenue certificates payable solely from additional rentals on the facility. The taxing power of the County is in no way obligated to service them.
The decree appealed from is therefore affirmed.
Affirmed.
SEBRING, C.J., and ROBERTS, J., and WALKER, Associate Justice, concur.