72 So.2d 655 (1954)
STATE et al.
v.
CITY OF MIAMI.
Supreme Court of Florida. Special Division B.
May 11, 1954.
George A. Brautigam and Hughlan Long, Miami, for appellant.
J.W. Watson, Jr., Miami, for appellee.
ROBERTS, Chief Justice.
This is an appeal from a final decree of the lower court validating $100,000 Warehouse Revenue Certificates of the City of Miami.
The record shows that the revenue certificates in question are to be issued to finance the construction of a warehouse on property owned by the city and are payable solely from the revenues to be derived from leasing the warehouse to a non-profit organization known as the "Orange Bowl Committee"; that this Committee was organized for the purpose of conducting each year the Orange Bowl Festival, including the Pageant and Football Classic in the Orange Bowl Stadium on New Year's Day; that the members of the Committee receive no compensation and perform the duties devolving upon them as members of such Committee purely as a public service, that the revenues to the City Stadium Fund from the Committee's operation during the year 1953 were almost $53,000; that the Committee has for several years rented from the city a warehouse on Dinner Key for the purpose of storing floats and material and equipment necessary for the Festival and Pageant, which space the city now desires to use for other purposes; and that the revenues to the city from leasing the warehouse to the Committee will provide ample funds for servicing the revenue certificates proposed to be issued to finance the construction of the warehouse. It also appears that the lease of the warehouse to the Committee *656 will terminate conjointly with the termination of the contract between the city and the Committee for the operation of the Orange Bowl Pageant and Football Classic.
The appellant concedes that, under the provisions of Chapters 19980 and 19982, Laws of Florida, Special Acts of 1939, the City is authorized to construct various "municipal projects," including specifically "warehouses," but contends that these Acts should be construed to mean only warehouses to be used by the municipality itself and not to authorize the construction of a warehouse for the purposes above mentioned. The opinion of this court in State v. Town of North Miami, Fla., 59 So.2d 779, is cited as authority for this contention. But, as stated in State v. Board of Control, Fla., 66 So.2d 209, 211:
"In State v. Town of North Miami, supra, the financing was for a private enterprise with public funds. Property was to be acquired and a building erected solely for the purpose of being used to process and manufacture aluminum products for private gain by a private corporation. The whole scheme was to induce the private corporation to be operated for private profit and gain to locate in the municipality so that employment could be provided for the residents of the municipality and a payroll established. In that case the primary purpose was to buy the land and erect the building for a private corporation to carry on a private business for private gain and the public benefit of supplying work for the residents and a payroll was merely incidental to the main purpose."
In the instant case, there is no use by the city of its authority "for private gain by a private corporation." As noted above, the Committee is a non-profit organization whose members derive no pecuniary gain whatsoever from their activities, although we have no doubt that the personal satisfactions and spiritual values which accrue from their unselfish devotion to this public service are far more rewarding to them than would be any monetary compensation. The considerable increase in the city's major industry, tourism, as a result of their activities, is apparent and is not disputed; the value of the free publicity and advertising which is evoked by the yearly Festival and Football Classic is incalculable.
We hold, then, that the arrangements for leasing the warehouse to the Committee is in furtherance of the public purpose which the Committee serves and is entirely consistent with the Legislative authority to the city to construct a "warehouse" as a "municipal project". Compare State v. Dade County, Fla., 62 So.2d 404; State v. City of Miami, 150 Fla. 270, 7 So.2d 146.
What we have said above disposes of the appellant's contention here that the issuance of the certificates in these circumstances amounts to a violation of Section 10 of Article IX, F.S.A.Const., see State v. Board of Control, supra, 66 So.2d 209, although it might be noted, parenthetically, that this issue does not appear to have been presented in the proceedings below and thus is not properly raised here.
The constitutional question which was raised below, that is, that the issuance of the certificates violates Section 6 of Article IX since they were not approved by a vote of the freeholders, is not argued here  and, indeed, it is so well settled in in this jurisdiction that no authority need be cited for the proposition that revenue bonds issued to finance the acquisition or construction of a new facility or the improvement or enlargement of an existing facility and payable solely from the revenues of such facility do not constitute a debt under the provisions of Section 6 of Article IX of our Constitution and thus do not require the approving vote of the freeholders.
No error having been made to appear, the decree appealed from is affirmed.
THOMAS, DREW and BUFORD, JJ., concur.