QUESTION: May the City of Daytona Beach donate funds to a citizens' committee to furnish information to the voters concerning an annexation question to be voted upon by the electorate?
SUMMARY: Municipal funds may be used to support or oppose the question of the annexation of territory to the municipality, as this is a matter that affects and involves the interests of the municipality and its citizens. The funds may be disbursed through a nonprofit citizens' committee subject to appropriate audit and review of the expenditures by the city clerk. The municipality is not a "person," "corporation," or "political committee" within the purview of Ch. 106, F.S., of the Elections Code. However, the citizens' committee, if it receives and disburses more than five hundred dollars in support of or in opposition to the issue, must register as a political committee and comply with the other provisions of the code applicable to political committees. There are no limitations upon the amount that may be spent by a political committee in support of or in opposition to an issue to be voted upon by the electorate. The question of whether municipal funds may validly be used to support or oppose an issue which affects and involves the interests of the municipality and its citizens has been answered in the affirmative in AGO 074-113, ruling that a municipality may purchase newspaper advertisements in support of or in opposition to the repeal of a county utilities tax. Here, as I understand it, the money would be donated to a citizens' committee to be used for the purpose of informing the electorate so that they may vote intelligently on the question of the proposed annexation of the South Peninsula Zoning District. This seems to be an issue which affects and involves the interests of the municipality and its citizens within the purview of that ruling. I am advised that the city clerk is to audit and review the expenditures made by the committee to make sure that the city's funds are used for the purpose for which they were appropriated; and it is settled in this state that a public body, such as a city or county, may achieve a public purpose through the medium of a nonprofit organization as well as through expenditures made directly by the public body itself. See Raney v. City of Lakeland, 88 So.2d 148 (Fla. 1956) (public library); Burton v. Dade County, 166 So.2d 445 (Fla. 1964) (planetarium); State v. City of Miami, 72 So.2d 655 (Fla. 1954) (Orange Bowl Parade storage building); and State v. Thursby, 150 So. 252 (Fla. 1933) (county fair). In these circumstances, I have the view that no objection may be made to the appropriation and disbursement of municipal funds here in question on the ground that it is an unlawful expenditure of municipal funds.
It was ruled also in AGO 074-113 that a municipality is not a "person," "corporation," or "political committee" within the purview of Ch. 73-128, Laws of Florida (Ch. 106, F.S.). Thus, the municipality would not be subject to the one thousand dollar limitation made by s. 106.08(1)(e) upon contributions by a "person or political committee" to "any political committee in support of, or in opposition to, an issue to be voted on in a countywide or district wide election" — even if it be assumed, arguendo, that the citizens' committee in question is a political committee within the purview of Ch. 106. Section 106.011(2) defines political committee to mean a combination of individuals or persons "the primary or incidental purpose of which is to support or oppose any candidate, issue or political party." If the ad hoc committee in question will neither oppose nor support the question of annexation and will merely advise the voters of the issues involved and the pros and cons of annexation, without taking a stand one way or the other, it would appear not to be a political committee within this definition. However, if the city government is either in favor of or opposed to annexation and the citizens' committee is directed to urge the voters to approve or disapprove, as the case may be, the statute providing for the annexation, then the citizens' committee would be a political committee within the purview of Ch. 106 (as it could certainly expect to receive and disburse more than five hundred dollars in support of or in opposition to this issue) and would be required to register as such under s. 106.03 and comply with the other provisions of law applicable to political committees. But even assuming that it is required to register as a "political committee" and comply with the other requirements of Ch. 106, F.S., the citizens' committee could still disburse the ten thousand dollars appropriated for and disbursed to it by the city in support of or in opposition to the proposed annexation, as Ch. 106 contains no limitations on the amount that may be spent by a political committee in support of or in opposition to an issue, as distinguished from a candidate for office; and the statute has been so interpreted by the Division of Elections of the Department of State. I have not overlooked subsection (3) of s. 106.08, F.S., prohibiting a person from making a contribution in support of or in opposition to an issue "through or in the name of another, directly or indirectly, in any primary or general election or in any election at which an issue is presented to the electors for their approval or rejection." (Emphasis supplied.) However, as noted above, it has been previously ruled in AGO 074-113, supra, that a municipality is not a person within the purview of Ch. 73-128, Laws of Florida (Ch.106, F.S.); thus, this provision could not be applied to prohibit the municipality's contribution of funds to the citizens' committee to promote or oppose the issue in question, even assuming that this will be done by the committee.