QUESTIONS: 1. May the City of Chattahoochee purchase real property and then lawfully lease or sell such property to a private industry wishing to locate in the community? 2. May the city purchase this property and then lawfully lease or sell part of it to the private industry while using the remaining portion of the property for a recreational or community center or for some other municipal purpose?
SUMMARY: A municipality may not expend public funds to purchase land for the purpose of leasing or selling the land to a private industry. A municipality also may not purchase land and lease or sell a portion of it to a private industry unless such lease or sale is incidental to, and in some way related to, a valid public purpose for which the purchase was primarily made. Your questions have been answered, to a great extent, by the Florida Supreme Court in the recent case of City of West Palm Beach v. Williams,291 So.2d 572 (Fla. 1974): It is well settled that municipalities may constitutionally acquire land by purchase or by power of eminent domain and then lease that land for public use, Gate City Garage v. City of Jacksonville, 66 So.2d 653 (Fla. 1953), or may use the proceeds of municipal bonds to build improvements to be leased for public use, State v. City of Miami, 72 So.2d 655
(Fla. 1954). Also, a municipality may not constitutionally acquire land by purchase or by power of eminent domain and then lease that land for a private use. Adams v. Housing Authority of City of Daytona Beach, 60 So.2d 663 (Fla. 1952), nor may municipalities use the proceeds of municipal bonds to build improvements to be leased for a private use, State v. Town of North Miami, 59 So.2d 779
(Fla. 1952). Because the constitution requires that bonds be issued, public funds be spent and the power of eminent domain be exercised for public uses only, any lease agreement which requires that one of the above powers be exercised for a private use would necessarily be void. However, when none of the above powers need be exercised in order to proceed to the complete execution of the lease agreement, municipalities, when holding the legislative authority to do so, can lease public land for private uses. Bannon v. Port of Palm Beach District, 246 So.2d 737 (Fla. 1971). . . . * * * * * In summary, we hold that where bonds are not issued, public funds are not spent, and the power of eminent domain is not exercised in furtherance thereof, a municipality can
lease public land for private uses in accordance with legislative authority. (Emphasis supplied.) The City of Chattahoochee, therefore, may lease to a private industry property which it already owns but for which it has no current use, but it may not spend public funds to purchase land in order to lease that land for private purposes. The same restrictions apply if the land is to be sold to private enterprises. Adams v. Housing Authority of City of Daytona Beach, 60 So.2d 663 (Fla. 1952). Your first question is accordingly answered in the negative. The second question cannot be answered so definitely. As explained in State v. Cotney, 104 So.2d 346 (Fla. 1958), if the primary purpose of a public acquisition of property is a valid public purpose, an incidental benefit to private parties — such as through an intended sale or lease of a part of the property to private industry — would not invalidate that acquisition. An "incidental" private purpose, however, is not the same as a totally unrelated private purpose. In State v. Cotney, supra, in the cases cited therein at 104 So.2d 348, and in cases decided since, it appears that such an allowable incidental private purpose must be one which bears at least some minimal relationship to the overall public purpose. It is my view, therefore, that if a city proposes to purchase land, primarily for the development of a park or recreational area but also for the purpose of selling part of the land to private industry, the purchase would be invalid if the purpose of the lease or sale to the private industry bore no relationship whatsoever to the public purpose of providing recreation, amusement, etc. Since a lease or sale to the industry involved here — a lingerie factory — would in no way be related to such purposes, it cannot be considered as merely incidental thereto, and the expenditure of public funds for property to be used for this private purpose would be unlawful.