PER CURIAM.
The sole question here is whether the House of Representatives of this State may vest in its Speaker the power to create a committee to function as an investigative body, with full powers of subpoena and the like, during the interim period between sessions of the Legislature. This question must be answered in the negative.
The question arose in a suit for declaratory judgment and other relief filed by the appellant, individually and as Chairman of the Florida Industrial Commission, against the appellees, as members of the so-called House Select Committee on Florida Industrial Commission Leases. The committee was created by the then Speaker of the House of Representatives in June of 1968, at a time when the Legislature was not in session. By letter dated June 12, 1968 addressed to the appellee, Thomas M. Gallen, the Speaker advised him as follows:—
“I am appointing a House Select Committee on Florida Industrial Commission Leases, and am asking you to be chairman of the committee. * * * I would like for you to go into the entire field of leases now held by the Industrial Commission, or those anticipated in the future.”
A subsequent letter dated June 26, 1968 advised the chairman that the grant of authority to the committee
“ * * * is intended to include such operations of the Industrial Commission as the committee deems appropriate.”
The committee held several hearings, at two of which the appellant voluntarily appeared in response to the committee’s invitation and answered questions concerning leases and other matters. Finally, in October of 1968, the committee caused a subpoena to be served upon the appellant, commanding him to appear before the committee “for the purpose of testifying in any matter about which such committee may desire evidence.” For various reasons set forth in his complaint but not necessary to relate here, the appellant then filed the instant suit for a declaratory judgment as to whether the committee was legally constituted, for quashal of the subpoena, and other relief. The trial judge held that the committee was “duly and legally constituted” and had the power to issue the subpoena to the appellant under the provisions of Section 10 of Article III of the Florida Constitution, F.S.A. He held also that the committee was authorized by Section 27 of Article IV of the Florida Constitution “at any time to call upon any officer of the Executive Department of the State government for information required by it.” This appeal followed, as authorized by Section 4(2), Article V, Florida Constitution.
The legislative authorization under which the Speaker acted in creating the committee in question was House Resolution No. 3379, adopted on July 12, 1967, just two days before the expiration of that particular session of the 1967 Legislature. The Resolution provides that
“Section 1. The Speaker shall appoint such select committees as may be necessary or authorized by the House of Representatives, and
“Section 2. That all such committees shall be regarded as authorized under the provisions of sections 11.12, 11.13, 11.161 and 11.17, Florida Statutes, and other applicable provisions of law and House rule.”
The statutes referred to in Section 2 of the Resolution relate to the payment of salary, subsistence, per diem, mileage, etc. of legislators. Subsection (3) of Section 11.13 provides that
“Members of any interim committee authorized by bill or concurrent resolution *321 to receive per diem and travel expenses shall be paid as provided in Sec. 112.061, from the appropriation for legislative expenses.” (Emphasis added.)
There is obviously nothing in Section 11.13(3) that can be interpreted, either expressly or by necessary implication, as authorizing the creation of the committee in question; nor can we find such statutory authorization in any other statute or rule.
The constitutional provision referred to by the trial judge in the order here reviewed, Section 10 of Article III, provides only that
“Either House shall have power to compel the attendance of witness upon any investigations held by itself, or by any of its committees; the manner of the exercise of such power shall be provided by Law.” (Emphasis added.)
It goes without saying that the committees referred to in this constitutional provision must be duly constituted committees; and, as pointed out by the appellant in his brief, it is the almost universal rule that
“A legislative committee authorized to make investigations and hold its sessions after the adjournment of the legislature cannot be created by one body of the legislature by a resolution which is not concurred in by the other.” Am.Jur., States, Territories, and Dependencies, Sec. 41, pp. 258-259.
Other text authorities are in accord. See Sutherland, Statutory Construction, 3d Ed., Vol. 1, Sec. 1117-1118, pp. 181-182; 81 C.J.S. States § 42, pp. 959-960; and cases collected in the annotation in 28 A.L.R. at page 1156 et seq.
We have the view, however, that the question of whether the House of Representatives, acting alone, could create a special investigating committee to conduct investigations during the interim period when the Legislature is not in session is of academic interest only, since it is inescapable that the House did not, itself, create the committee in question nor any other committee: Its Resolution simply vested in its Speaker an absolute discretion to create “select committees”. Assuming, arguendo, that the Resolution was properly interpreted by the Speaker as authorizing him to create a special investigating committee to function during the interim period between sessions, the real issue here is whether the House may lawfully vest in its Speaker such power and authority.
The power of investigation is a necessary adjunct to the exercise of the power to legislate. But the power is not an unbridled one. It must be circumscribed by reasonable limitations and should never be used to “hunt witches”. See Gibson v. Florida Legislative Investigation Com., Fla.1959, 108 So.2d 729; Sutherland, Statutory Construction, Vol. 1, Sec. 1114, p. 178. The constitutional inhibition against delegation of legislative power applies not only to the enactment of laws but also to other legislative functions. See State ex rel. Davis v. Green, 1928, 95 Fla. 117, 116 So. 66, in which this court struck down a delegation of authority to purchase property for the State; and cf. Barrow v. Holland, Fla.1960, 125 So.2d 749, involving an attempt to vest an unbridled and uncontrolled discretion in a state agent. Insofar as the law-making process is concerned, the distinction between an unlawful delegation of a legislative power and a permissible prescribing of administrative or ministerial duties
“ * * * is between the delegation of power to make the law, which necessarily involves a discretion as to what the law shall be, and the conferring of authority or discretion in executing the law pursuant to and within the confines of the law itself.” Conner v. Joe Hatton, Inc., Fla., 216 So.2d 209, opinion filed November 20, 1968.
Similarly, a delegation to one of its own members of unlimited and uncontrolled *322 discretion to decide what shall he investigated during an interim period between sessions of the Legislature, can only be characterized as an unlawful delegation of the investigative power of the Legislature. (We note, parenthetically, that Rule 2.7 of the House Rules providing for the appointment of select committees by the Speaker during the legislative session, and which, under applicable rules, expire at the end of the session, is a different matter.)
Since the committee was not legally constituted, the provisions of Section 27 of Article IV respecting the duty of officers of the Executive Department to report to either House of the Legislature, upon request, is not applicable here. So we do not decide, since it is unnecessary, whether the constitutional mandate applies to all officers of the Executive Department or only to members of the State Cabinet, as here contended by the appellant.
This opinion is not to be construed as in any wise criticizing the House of Representatives for its action in adopting the Resolution, herein invalidated. The study and research undertaken by duly constituted legislative committees during the interim between sessions speeds up the law-making process immeasurably; and the legislators who take time out from their own businesses or professions to participate in a legislative study or investigative group are to be commended for performing a valuable public service. We have no doubt that, in adopting the Resolution and in creating the committee in question, the House and its then Speaker each acted in good faith and in what was thought to be a lawful manner. But good faith is not the criterion here. It is our responsibility and our duty to prohibit a departure from the requirements of organic law — not only for the purpose of deciding the instant case but for the future guidance of the Legislature, the bench and the bar— whenever such a departure is made to appear. For the reasons stated above, we have no alternative but to declare the committee here involved and created after adjournment of the 1968 Legislature, to be illegally constituted. (By way of caveat we comment that this decision is controlled by the Constitution of 1885.)
' Accordingly, the order here reviewed should be and it is hereby reversed with directions to enter a judgment not inconsistent with this opinion.
It is so ordered.
ROBERTS, DREW, THORNAL and CALDWELL, JJ., SPECTOR, District Judge, and MASON, Circuit Judge, concur.
ERVIN, C. J., concurs specially with opinion.