DEKLE, Justice.
We affirm the able trial judge’s construction of Fla.Const. art. Ill, § 5, F.S.A., in his holding that the grant of powers therein to “committees” of the Legislature extends to the subcommittees thereof.
It is this construing of our constitution by the trial court which vests jurisdiction here. Fla.Const. art. V, § 4(2). The facts and issues are stipulated; they are directed toward the constitutional provision first cited. Oral argument was waived with request for accelerated consideration and briefs were duly filed and have been carefully studied.
As the trial judge so well put it:
“[N]o distinction is made as to standing committees, select committees, or subcommittees thereof.
*683 * * * * *
. . thereby permitting the chairman of a properly constituted sub-committee to issue a subpoena duces tecum.”
The trial judge’s construction is supported by the reference in his final decree to the conjunctive use of the term “each such committee” in the authorizing Fla.Stat. § 11.143(5) (b), F.S.A., as referring back to the initial provision in that statute (1) which empowered “each standing or select committee or sub-committee thereof” to review state agencies, to inspect their books and records and to compel the attendance of witnesses and the production of documents and other evidence.
The “plain meaning rule” applies:
“The words and terms of a Constitution are to be' interpreted in their most usual and obvious meaning .... The presumption is in favor of the natural and popular meaning in which the words are usually understood by the people who have adopted them.” City of Jacksonville v. Continental Can Co., 113 Fla. 168, 151 So. 488, 489-490 (1933); quoted in City of Jacksonville v. Glidden, 124 Fla. 690, 169 So. 216, 217 (1936).
The constitutional grant is to the Legislature, leaving the actual mechanics and procedures for its implementation to the wisdom of that body which has by its Rule 6.14(a) and (b) of the Florida House of Representatives, as well as by the above statute, referred to “each standing or select committee or sub-committee thereof” in granting this power to “each such committee”. Rule 6.15 expressly mentions “subcommittees” in setting forth subpoena procedures.
Appellant contends that a subcommittee by its nature is a body of less official standing than that of a principal committee; that the subcommittee “is but a servant of the servant and should not be given the power of the master, unless specifically specified in the constitution.” We do not so view it; rather, the subcommittee would seem to be more in the nature of an integral part of the whole, with the “servant” performing on behalf of its “master.” Certainly this is the manner in which the subcommittees of legislative bodies function on behalf of the principal committee and under its direct control and appointment. It is really serving for the committee and should have those reasonable powers not otherwise restricted which the committee has; otherwise, the legislative body is stymied in its effective use of the committee system which is a very integral part of the legislative scheme and without which it could not function so effectively.
We view the several citations by appellant to be distinguished.[1] They all go one step outside the Legislature to grant a power which here is within the committee. Johnston v. Gallen, 217 So.2d 319 (Fla.1969), was an improper grant to a single member.
Affirmed.
ROBERTS, C. J., and ERVIN, CARLTON and ADKINS, JJ-, concur.

. Husband v. Cassel, 130 So.2d 69 (Fla.1961)—approval by a board as to which universities may issue licenses, held improper delegation of legislative power; Attwood v. State ex rel. Newman, 53 So.2d 825 (Fla.1951)—referring to any delegation of legislative power to a private professional association as improper; Hutchins v. Mayo, 143 Fla. 707, 197 So. 495, 133 A.L.R. 394 (1940) — statute adopting federal regulations could not apply to subsequently enacted regulations as being an improper delegation.