QUESTIONS: 1. Are attorneys for the Department of Business Regulation permitted to represent individual employees of the department before legislative committees where there have been no allegations of misconduct in office lodged against the employee? 2. Should attorneys for the Department of Business Regulation under the direct supervision of personnel under subpoena be permitted to represent other individual employees of the department during proceedings authorized by the house rules?
SUMMARY: The Department of Business Regulation staff counsel are not permitted to represent individual department employees before legislative committees performing a factfinding investigative function. The House Select Committee on Fraudulent Mortgage Sales has directed its staff counsel to take depositions of employees of the Department of Business Regulation concerning their activities with the Division of Florida Land Sales. The committee has subpoenaed a number of department employees including the department's general counsel. The department attorneys have stated that they are required to represent the department employees before the select committee. Your first question is answered in the negative. Section 11.143, F.S., grants the select committee authority to invite or compel the attendance of state employees to testify under oath regarding "continuous review of the work of the state agencies concerned with its subject area and the performance of the functions of government." See Johnson v. McDonald,269 So.2d 682 (Fla. 1972); Hagaman v. Andrews, 232 So.2d 1 (Fla. 1970); Johnston v. Gallen, 217 So.2d 319 (Fla. 1969). The power of the Legislature to conduct reasonable investigations concerning the administration of existing or proposed statutes is beyond dispute. Gibson v. Florida Investigation Committee, 372 U.S. 539
(1963); Watkins v. United States, 354 U.S. 178 (1957). The purpose of such investigations is purely "for the purpose of submitting information" and the select committee is without authority to conduct other than a factfinding mission. Section 11.143(1), F.S. The select committee has no authority to impose any type of penalty or other penal action based upon information disclosed by their investigation although such information may be used by other governmental agencies for such purposes. This possibility does not alter the context of the legislative investigation which is purely factfinding in nature. Withrow v. Larkin, 43 U.S.L.W. 4459 (1975); Hannah v. Larche, 363 U.S. 420 (1960). In AGO 075-39 I concluded that it is generally proper for the general counsel to represent Department of Business Regulation employees in suits brought for acts taken in their public capacity when the action was taken in good faith, in discharge of a duty authorized by law, and in a matter in which the government has an interest. See also AGO's 074-192 and 073-130. In those instances the litigation is essentially against the state as the real party in interest. Those proceedings are adversary in nature. The select committee's proceedings are clearly distinct from the adversary proceedings discussed above and the state legal representation issue would fall within the ambit of Peck v. Spencer, 7 So. 642 (Fla. 1890) as approved in Estes v. City of North Miami Beach, 227 So.2d 33 (Fla. 1969). In Peck a taxpayer successfully restrained the town council from authorizing payment of counsel to protect the mayor from a suit brought to contest the town election. The Florida Supreme Court in Estes characterized the Peck case in this manner: The election contest in the Peck case did not affect the ability of the town council to perform their functions and the city had no interest in the outcome. The activities of the select committee are so analogous and strikingly similar that I fail to find any interest of the state in providing counsel to employees appearing before a legislative committee. In addition, the public funds appropriated for department counsel were budgeted with a legislative expectation that the counsel's activities would be exercised in a manner that protected the state's interest rather than that of the personal interest of any individual. Cf. Markham v. State Department of Revenue, 298 So.2d 211 (1 D.C.A. Fla., 1974), cert. denied 309 So.2d 547 (Fla. 1975). The public does indeed have an interest in the department's activities, but the public's interest also extends to ensuring that all factors concerning employee activities are disclosed so that legislative factfinding endeavors are complete. The conclusion that the department counsel are not permitted to represent department employees in the select committee's investigation renders a response to question 2 unnecessary. This conclusion does not, however, prevent any individual from retaining private counsel and having said counsel present, pursuant to House Rule 6.15, when appearing during the select committee's investigation.