QUESTION: Is the Florida Law Revision Council a part of the legislative or the executive branch of state government?
SUMMARY: Pending legislative or judicial clarification, the functions performed by the Florida Law Revision Council are legislative in nature, not executive, and the council is a part of the legislative branch of state government; and the provisions of Ch. 216, F. S., relating to the planning and budgeting of executive and judicial branch agencies of state government, are not applicable to the Law Revision Council, save such sections as ss. 216.081 and 216.192 and others which are properly related to the legislative branch of state government. The executive director and other council personnel are under Ch. 110, F. S., the State Career Service System, in its entirety. The Florida Law Revision Council, formerly known as the Florida Law Revision Commission, was established substantially in its present form, with substantially the same duties, in 1967 (Ch. 67-472, Laws of Florida; ss. 13.90-13.996, F. S.). Thus, the council had been created and was in existence at the time of the adoption of the 1968 Constitution, including s. 6, Art. IV, thereof. This provision directed the Legislature to allot all functions of the executive branch of state government among not more than 25 departments, exclusive of those specifically provided for or authorized in the Constitution. Additionally, s. 6, Art. IV, also states: The administration of each department, unless otherwise provided in this constitution, shall be placed by law under the direct supervision of the governor, the lieutenant governor, the governor and cabinet, a cabinet member, or an officer or board appointed by and serving at the pleasure of the governor . . . . The main thrust of s. 6, Art. IV, is that it commands the Legislature to allot the functions of the executive branch of state government among not more than 25 departments, with each department being specifically placed by law under one or more of the therein mentioned officers. It does not, however, deny or deprive the Legislature of its right to interpret the Constitution, or to determine, within constitutional limitations, what is or is not a function of any particular branch of state government. Cf. Owens v. State, 316 So.2d 537, 538 (Fla. 1975), upholding a statute requiring a person convicted of a capital felony to serve 25 years before becoming eligible for parole as against a contention that the statute usurped the executive authority of the Parole and Probation Commission. The Constitution nowhere specifically provides for or authorizes the establishment of the Law Revision Council; thus, the council cannot be said to have been made a part of the executive (or any other) branch of state government by or under the direct authority of the Constitution. The Legislature, in enacting the 1969 Governmental Reorganization Act (Ch. 20, F. S.), declined to assign the council to any of the executive departments of state government or to place it under any of the executive officers of state government designated in s. 6, Art. IV, supra. No other law has assigned or transferred the council to any executive department. The legislation creating the council was amended in 1972 (Ch. 72-107, Laws of Florida) for the purpose of changing the name of the organization from "commission" to "council." But here, again, the Legislature did not assign or transfer the council to any executive department; and the title stated that it was an act "relating to law revision." The Governor apparently has not proposed, as he is constitutionally empowered to do under s. 1(e), Art. IV, State Const., any reorganization of the executive branch so as to include the council therein. Nor is the council found anywhere within Ch. 23, F. S., entitled "Miscellaneous Executive Functions," but rather is found in Ch. 13, F. S., entitled "Miscellaneous Commissions." The council is expressly authorized by law to choose its own executive director, determine its own personnel needs, and fix the compensation of the executive director and personnel. See s. 13.99, id. This statutory autonomy in the selection of personnel and fixing of their compensation is not normally accorded to an agency of the executive branch of state government. Cf. Chs. 110 and 216, F. S. Further, under s.13.98, the council is required to report to the Legislature, not to a member of the executive branch of the state government. Clearly then, the Legislature has determined that the law revision function is a legislative and not an executive function of state government. The functions of the Law Revision Council as stated in s. 13.96, F. S., confirm the legislative nature of the council. Its duty is to: (1) Examine the common law, constitution, and statutes of the state and current judicial decisions for the purpose of discovering defects and anachronisms in the law and recommending needed reforms; (2) Recommend, from time to time, such changes in the law as it deems proper to modify or eliminate antiquated and inequitable rules of law, and to bring the law of the state into harmony with modern conditions; (3) Conduct such surveys or research of the law of Florida as the Legislature may request. A comparison between the above-noted functions of the council and the accepted definitions of "executive functions" will highlight the nonexecutive nature of the council. In AGO 074-291, it was said that "[t]he executive branch has the purpose of executing the programs and policies adopted by the Legislature and of making policy recommendations to the Legislature," quoting from s. 20.02(1), F. S. See also 81 C.J.S. States s. 50, stating: An executive department has primarily to do with the political government of the state in the execution and enforcement of the law wherein the governor is the supreme head, but every commission which exercises executive duties in some capacity cannot be narrowed to the definition of being an executive department under the governor. The Florida Supreme Court has approached the questions of separation of powers of government and delegation of authority with the following statement: The essential nature and effect of the governmental function to be performed, rather than the name given to the function or to the officer who performs it, should be considered in determining whether the particular function is a "power of government" within the meaning of the Constitution; and, if it is such a "power," whether it is legislative, executive, or judicial in its nature, so that it may be exercised by appropriate officers of the proper department. [Florida Motor Lines v. Railroad Commissioners, 129 So. 876, 881
(Fla. 1930)]. This exact language was cited with approval by the Florida Supreme Court in In re Advisory Opinion to the Governor,223 So.2d 35 (Fla. 1969). This advisory opinion dealt directly with the matter of determining to which branch or branches of government the Public Service Commission properly belonged and concluded that, as the commission's powers and duties were essentially legislative and quasi-judicial in nature, the performance of those duties did not constitute a function of the executive branch so as to require reorganization of the Public Service Commission under one of the executive departments as required by s. 6, Art. IV, State Const. By applying the above criteria, it is apparent that the essential nature and effect of the function of the Law Revision Council is not executive in nature. It does not execute or enforce the law or policy of the Legislature in any shape, manner, or fashion, but serves only to aid the Legislature in the creation, modification, and repeal of law. Additionally, to hold that the council is in the executive branch would mean that the Legislature has failed to comply with the requirements of s. 6, Art. IV, supra. Such a result is contrary to long-standing court policy to construe the law to comport with the Constitution if it is at all possible. Overstreet v. Blum, 227 So.2d 197 (Fla. 1969). Black's Law Dictionary defines "legislative power" as The lawmaking power; the department of government whose function is the framing and enactment of laws. Evansville v. State, 118 Ind. 426, 21 N.E. 267, 4 L.R.A. 93, Brown v. Galveston, 97 Tex. 1, 75 S.W. 495; O'Neil v. American F. Ins. Co., 166 Pa. 72, 30 A. 943, 26 L.R.A. 715, 45 Am. St.Rep. 650. The same term is further defined as "the power to make, alter and repeal laws." In re Marshall, 69 A.2d 619 (Pa. 1949). Accord: Hutchins v. City of Des Moines, 157 N.W. 881 (Ia. 1916); O'Neil v. Am. Fire Ins. Co., 30 A. 943 (Pa. 1895). In Florida Power Corp. v. Pinellas Utility Board, 40 So.2d 350 (Fla. 1949), the court said that a legislative power could be exercised either directly or through some board or commission or other instrumentality created by the Legislature for that purpose. That principle was reaffirmed in In re Advisory Opinion to the Governor, supra, 223 So.2d at p. 37, wherein the court noted that the Legislature had inherent authority to establish a Public Utilities Commission. The court further held that in the performance of its duties the commission did not perform an executive function so as to require reorganization under one of the executive departments as stipulated in s. 6, Art. IV, State Const., but rather was a part of the legislative or judicial branch of state government. Accord: Canney v. Board of Public Instruction of Alachua County,278 So.2d 260 (Fla. 1974), in which the court held that a school board created by the Legislature, even though it exercised quasi-judicial powers, was subject to the Sunshine Law as a legislative body. Here, a commission has been created by the Legislature for the express purpose of aiding the Legislature in the exercise of its legislative duties. In Gibson v. Florida Investigation Committee, 273 U.S. 539 (1963), the court said: "The power to conduct investigations is inherent in the legislative process. That power is broad. It encompasses inquiries concerning the administration of existing laws as well as proposed or possibly needed statutes." (Emphasis supplied.) Accord: Johnson v. Gallen, 217 So.2d 319 (Fla. 1969), in which the court, although holding that there were limitations on the legislative power to investigate, said that "[t]he power of investigation is a necessary adjunct to the exercise of the power to legislate." Section 5, Art. III, State Const., recognizes the inherent power of the Legislature to establish committees to assist in the legislative process; and there are various statutory legislative committees whose prime duty it is to aid the Legislature in the performance of its legislative powers and responsibilities. See ss. 11.141-11.147, F. S. The duties of the Law Revision Council fall squarely within the area of investigating the need for new legislation as well as the propriety of existing legislation. See s. 13.96, supra. The fact that the council is an independent body and not a legislative committee composed entirely of legislators makes it no less a part and parcel of the legislative process. I have the view also that the council is not subject to the planning and budgeting requirements of Ch. 216, F. S., relating to planning and budgeting by state agencies in the executive and judicial branches of government. Section 216.011(1)(e) defines "state agency" for the purpose of the fiscal affairs of the state, appropriations act, legislative budgets, and approved budgets as "any official, officer, commission, board, authority, council, committee, or department of the executive branch, or judicial branch . . . of state government." This definition of state agency is devoid of any reference to the legislative branch of state government. Therefore, it seems apparent that the legislative branch of state government, of which the Law Revision Council is a part, is by nonreference excluded from Ch. 216 under the rule of statutory construction expressio unius est exclusio alterius. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); State ex rel. Judicial Qualifications Com'n v. Rose, 286 So.2d 562 (Fla. 1974). Thus, the provisions of Ch. 216 do not apply to the Law Revision Council, save ss. 216.081 and 216.192 and other such sections properly related to the legislative branch of state government. As to the applicability of Ch. 110, F. S., the State Career Service System, to the Law Revision Council: Section 110.051(1) provides that the Career Service System shall apply to all positions not specifically exempted within Ch. 110, "any provisions of the Florida Statutes to the contrary notwithstanding." This statute was enacted later in time than ss.13.90-13.996, supra, and therefore controls over said statutes to the extent of any irreconcilable conflict between the statutes in question. State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965). As such conflict exists between s. 13.99 and Ch. 110 (e.g., ss. 110.022 and 110.061) in regard to the executive director and other personnel, Ch. 110 prevails; and unless a specific exemption therein is applicable, the executive director and all other council personnel are subject to the Career Service System. Section 110.051(2)(b), F. S., provides an exemption from Ch. 110, supra, to the "officers and employees of the Legislature." "Legislature" is defined in 52A C.J.S. Legislature, pp. 765-766, as "[a]ny body of persons authorized to make laws or rules for the community represented by them; a representative body which makes the laws of the people. . . ." (Emphasis supplied.) This definition clearly indicates that the term "legislature" is limited to the Legislature proper and does not encompass the entire legislative department. Thus, the exemption accorded by s. 110.051(2)(b) is applicable only to the officers and employees of the Legislature proper and does not extend to those respective positions outside the Legislature but within the legislative department of state government. Clearly, the personnel in question are not officers or employees of the Legislature proper, thus rendering the above exemption inapplicable in the instant case. Additionally, council personnel, including the executive director, are not currently subject to the personnel regulations, job classification, and pay plan applicable to employees of the Legislature (see ss. 11.147 and 11.148, F. S.), but rather are independent of such regulations. Further, council personnel compensation is provided for within the council budget rather than within the budget of either house of the Legislature, the Joint Legislative Management Committee, or any other legislative committee or division (see s. 11.148(2), F. S.); and the council budget is itself separate from and not a part of any budget of the Legislature or any committee or division thereof. Thus, it seems that council personnel, including the executive director, are not considered by the Legislature to be a part of the Legislature, of either house, or of any committee or division thereof. Although it has been suggested that s. 110.051(2)(c), F. S., exempting "[m]embers of boards and commissions and the head of each state agency, board or commission, however selected" from Ch. 110, F. S., covers the executive director of the council, I do not find that the same is legally susceptible to such an interpretation. The executive director of the council is neither a member of, nor the head of, the council, but, to the contrary, appears to be the employee or servant of the council, much as the executive director of the Public Service Commission (see Rules 25-1.20, 25-1.21, F.A.C.), although its chief administrator, is an employee of the commission, but not its head. (The executive director of the Public Service Commission is specifically exempted from Ch. 110 by s. 110.051(2)(m).) Additionally, s. 110.051(2)(k), F. S., exempting, inter alia, the executive directors of "all departments" is also inapplicable in the instant case, as such exemption is made only for the executive directors of departments belonging to the executive branch of state government, while the council, as I have stated, is a part of the legislative branch of state government. This limitation of said exemption to departments of the executive branch is supported by the use of terminology in that section commonly applicable to executive branch positions rather than to legislative branch positions; and an examination of the legislative history of s. 110.051 reveals that in s. 3(2), Ch. 69-106, Laws of Florida [s. 20.03(2), F. S.], providing uniform nomenclature throughout the structure of the executive branch, "department" is expressly defined as "the principal administrative unit within the executive branch of state government." Also see s. 4 of Ch. 69-106 [s. 20.04, F. S.], requiring each department to bear a title beginning with the words "State of Florida" and continuing with "department of . . . ." Additionally, s. 110.042(1), F. S., defining "state agency" for the purposes of Ch. 110, F. S., as "any official, officer, commission, board, authority, council, committee or department of the executive branch or judicial branch of state government as defined in Ch. 216," is devoid of any reference to the legislative branch of state government, as is the definition supplied within Ch. 216 for the purposes of that statute. Moreover, the only chief administrative officers of any board or commission exempted from Ch. 110 by s. 110.051(2)(k) are those of the various boards and commissions under the Department of Professional and Occupational Regulation, to which the Law Revision Council is not assigned. The express mention of those boards and commissions operates to exclude all others. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433
(Fla. 1974). Therefore, under the rule of statutory construction expressio unius est exclusio alterius — the express mention of one thing is the exclusion of all others — the legislative branch, by such nonreference as is witnessed in Chs. 110 and 216, is excluded from the statutory provision under consideration. It is unlikely that the Legislature intended differently, particularly in the absence of any express provision so indicating. Therefore, no other specific exemptions enumerated in Ch. 110, supra, being applicable, I am of the opinion that, pending legislative or judicial clarification, council personnel, including the executive director, are subject to all provisions of Ch. 110, supra, the State Career Service System.