421 So.2d 711 (1982)
COMMISSION ON ETHICS, Appellant,
v.
L.H. LANCASTER, Appellee.
No. AN-73.
District Court of Appeal of Florida, First District.
November 9, 1982.
Rehearing Denied November 3, 1982.
Jim Smith, Atty. Gen., Patricia R. Gleason, Asst. Atty. Gen., Philip C. Claypool, Tallahassee, Commission on Ethics, for appellant.
Lamar Winegeart, III of Arnold, Stratford & Booth, P.A., and Larry Smith of Smith, Hallowes & Richeson, Jacksonville, for appellee.
MILLS, Judge.
The Ethics Commission appeals the denial of its motion to dismiss or transfer for improper venue and the entry of a temporary injunction against it. We reverse the denial of the motion for change of venue, order that the case be transferred to Leon County, and vacate the injunction.
This case began when various individuals filed a complaint with the Ethics Commission charging Lancaster, the Supervisor of Elections of Clay County, with several acts of sexual harassment against some of his female employees in violation of Section 112.313(6), Florida Statutes (1981). The Commission ordered a preliminary investigation of the charges, and, after it was completed, advised Lancaster of its intent to hold a "probable cause" hearing to determine whether further action was warranted. Section 112.324(2), Florida Statutes (1981), and Rule 34-5.-06, Florida Administrative Code. On the day set for hearing, Lancaster requested that the matter be continued to enable the Commission's staff to conduct further investigation and to prepare a supplemental report. The Commission granted the continuance and advised *712 Lancaster that the "probable cause" hearing had been rescheduled for 19 May 1982.
On 19 May, Lancaster sought and obtained from the circuit court in Clay County an ex parte order temporarily restraining the Commission from conducting any further proceedings and from making public any information about the charges which had previously been gathered. After a hearing on 27 May 1982, the trial court denied the Commission's motion to dismiss or transfer for improper venue and entered an order continuing the injunction.
Ordinarily, an action against a state agency or officer must be brought in the county in which the agency has its official headquarters. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1978). An exception to that rule is known as the "sword-wielder" doctrine. We hold that this doctrine is inapplicable to the facts of the present case. "The `swordwielder' doctrine ... applies only where direct judicial protection is sought from an unlawful invasion of a constitutional right of the plaintiff... ." Florida Public Service Commission v. Triple "A" Enterprises, Inc., 387 So.2d 940, 942 (Fla. 1980). The Commission's actions in this case do not constitute an unlawful invasion of any of Lancaster's constitutionally protected rights. Garner v. Florida Commission on Ethics, 415 So.2d 67 (Fla. 1st DCA 1982). Therefore, venue is proper only in Leon County.
When the trial court improperly denies a motion for change of venue, all subsequent proceedings are void. Board of County Commissioners of Eagle County v. District Court In and For the City and County of Denver, 632 P.2d 1017 (Colo. 1981). Accordingly, the injunction is vacated.
Reversed and remanded for transfer to the Second Judicial Circuit of Florida, Leon County, for further appropriate proceedings.
ERVIN and WIGGINTON, JJ., concur.