486 A.2d 515

**COMMONWEALTH of Pennsylvania,**

v.

**Herbert W. JOLLY, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 1, 1984.

Filed Dec. 21, 1984.

Thomas E. Kuhn, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

PER CURIAM:

Appellant Herbert W. Jolly was convicted of driving under the influence of alcohol and a variety of traffic

violations as a result of an automobile accident. Following the denial of post-trial motions and sentencing, appellant filed this direct appeal only from the judgment of sentence on the charge of driving under the influence of alcohol. For the reasons that follow, we reverse the judgment of sentence.

The accident which gave rise to the instant charges took place on May 9, 1981, at 8:10 a.m. By the time the police arrived at the scene, appellant had already been taken to a local hospital. The investigating officer went to the hospital and interviewed appellant. Despite the fact that appellant was coherent at the time of the interview, the officer did not request that appellant submit to a breathalyzer or blood test pursuant to 75 Pa.C.S. § 1547. Instead the officer obtained a subpoena duces tecum from a district justice in order to obtain the results of a blood alcohol test performed by the hospital for medical purposes. Pursuant to the subpoena, the officer was given access to appellant's medical records and obtained the results of the blood alcohol test. It was not until after he reviewed the results of this test that the officer filed the charge of driving under the influence.

 Appellant contends that the results of the blood test should have been suppressed because they were obtained pursuant to an invalid subpoena. *See, Commonwealth v. DeJohn*, 486 Pa. 32, 403 A.2d 1283 (1979). We agree. In *Commonwealth v. Polak*, 438 Pa. 67, 263 A.2d 354 (1970), our Supreme Court stated "[A] prerequisite to the issuance of a subpoena [is] that there be some pre-existing matter or cause pending before the court." *See also, Commonwealth v. Maguigan*, 323 Pa.Super. 317, 470 A.2d 611 (1983).

 The Commonwealth cites *In re: the June 1979 Allegheny County Investigating Grand Jury*, 490 Pa. 143, 415 A.2d 73 (1980) to support its argument that the procedure utilized in the instant case was proper. However, that case concerned subpoenas issued pursuant to the specific statutory authority of the Investigating Grand Jury Act, 42

Pa.C.S. § 4548 (formerly 19 P.S. § 271). We find *no* statutory authority which permits the procedure used here. Contrary to the Commonwealth's argument, 28 Pa.Code § 115.-28 does not give such authority. That section provides that medical records may not be removed from the hospital premises "except for court purposes." We cannot conclude, as the Commonwealth would have us do, that the term "court purposes" encompasses a situation where no case is yet before a court, as was true here.

■ Finally, the Commonwealth argues that the evidence should not be suppressed because it would have been discovered anyway in the course of the investigation. *See, Commonwealth v. Brown*, 470 Pa. 274, 368 A.2d 626 (1976). The determination of whether to suppress the test results in this case was not made after a testimonial hearing at which facts supporting that argument were presented. Rather, the parties stipulated to the facts surrounding the issuance of the subpoena and only that issue was before the court. Therefore, on this record, we are unable to resolve that argument in favor of the Commonwealth.

Judgment of sentence is reversed and case remanded for further proceedings. Jurisdiction relinquished.