DANIEL S. PEARSON, Judge.
The State appeals the denial of a motion to dissolve an injunction prohibiting it from obtaining, through a subpoena duces te-cum, records from the Miami branch of Bank Leumi, Le-Israel, relating to the ap-pellee's bank account established at the bank’s branch in Philadelphia, Pennsylvania. The subpoena in question was issued as part of an investigation of Pelullo for possible violations of Florida law.
The State correctly contends, and Pelullo does not contend otherwise, that the subpoena is valid and enforceable under Florida law. No legitimate expectation of privacy which might prevent the production of such records is recognized in Florida, see United States v. Miller, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); Division of Pari-Mutuel Wagering v. Winfield, 443 So.2d 455 (Fla. 4th DCA 1984); the records requested are relevant to the investigation *907 being conducted, see State v. Tsavaris, 394 So.2d 418 (Fla.1981); and the subpoena is neither overbroad nor burdensome, id.
However, Pelullo argues, as he did below, that Pennsylvania law applies and that under Pennsylvania law the subpoena is invalid. Assuming, but not deciding, that Pennsylvania law applies, we nonetheless conclude that the subpoena is valid and enforceable.
While it is true that in Pennsylvania a legitimate expectation of privacy in bank records is recognized, that expectation of privacy gives way where a bank is “served with a valid search warrant or some other type of legal process such as a lawful subpoena.” Commonwealth v. DeJohn, 486 Pa. 32, 48, 403 A.2d 1283, 1291 (1979), cert. denied, 444 U.S. 1032, 100 S.Ct. 704, 62 L.Ed.2d 668 (1980). See also Commonwealth v. Goldhammer, 322 Pa. Super. 242, 469 A.2d 601 (1983). To be valid under Pennsylvania law, a subpoena must relate to “some pre-existing matter or cause pending before the court,” Commonwealth v. Polak, 438 Pa. 67, 69, 263 A.2d 354, 356 (1970), or be issued pursuant to the specific authority of the Investigating Grand Jury Act, 42 Pa.C.S. § 4548, et seq. (the Act). Commonwealth v. Jolly, — Pa.Super. —, 486 A.2d 515 (1984). There being no “pre-existing matter or cause pending before the court,” the validity of the present subpoena turns on whether it meets the requirements of the Act. The Act empowers the investigating grand jury to function as an investigating body equivalent to the Dade County State Attorney’s Office. However, unlike a Florida State Attorney’s subpoena, a Pennsylvania grand jury subpoena is not enforceable unless the grand jury provides an “affidavit of relevancy” showing the supervising judge of the investigating grand jury that “each item [requested] is at least relevant to an investigation being conducted by the grand jury and properly within its jurisdiction, and is not sought primarily for another purpose_” Robert Hawthorne, Inc. v. County Investigating Grand Jury, 488 Pa. 373, 382, 412 A.2d 556, 560 (1980) (exercising its supervisory powers to adopt affidavit of relevancy procedures outlined in In re Grand Jury Proceedings (Schofield), 486 F.2d 85 (3d Cir.1973)). In the present case, the Dade County State Attorney, in an abundance of caution, satisfied this requirement of Pennsylvania law by submitting an appropriate affidavit of relevancy in conjunction with her Motion to Dissolve Injunction. Thus, all substantive protections accorded to Pelullo under Pennsylvania law[1] were given him here.
Accordingly, because the subpoena is valid under either Florida or Pennsylvania law, we reverse and remand with instructions for the trial court to dissolve the injunction at issue.
Reversed and remanded with instructions.

. The Act also requires that a notice of submission be given to the supervising judge of the investigating grand jury prior to the utilization of the investigating grand jury, 42 Pa.C.S. § 4550. The purpose of the notice is to prevent waste of the judicial resources expended on the grand jury, and the supervising judge’s discretion is limited to evaluating the facial sufficiency of the notice in terms of the Act, namely, whether it alleges that the investigative resources of the grand jury are necessary for the adequate investigation of a matter. In re: County Investigating Grand Jury of April 24, 1981, Appeal of Krakower, 500 Pa. 557, 563, 459 A.2d 304, 307 (1983) (to submit case to investigative grand jury where grand jury’s resources were not necessary “would constitute an abuse of the investigative grand jury and would waste valuable judicial resources.”). See also 42 Pa. C.S. § 4550(b) (once notice is submitted, resources of investigative grand jury may be expended). Obviously, the resources of a Pennsylvania investigating grand jury, and thus the notice requirement, are not implicated where, as here, an investigation is being conducted by another state.