## Commonwealth v. Golder

*Michael Apfelbaum,* assistant district attorney, for the Commonwealth.

*Michael Rudinski,* for defendant.

ROSINI, *J.,* January 15, 1987—Defendant was involved in a one car accident along Pa. Route 405 in West Chillisquaque Township, Northumberland County on September 19, 1986.

Upon arrival at the scene the Trooper viewed defendant seated behind the wheel with her "legs outside the vehicle." The accident was described as severe and defendant was bleeding, but the Trooper felt the injuries were "not life threatening."

The trooper described defendant as very uncooperative, abusive, using obscene language and having the odor of alcoholic beverage on her breath. She appeared "drunk" to him based upon his experience.

No field sobriety tests were given nor was defendant placed under arrest at the scene. She was removed to Evangelical Hospital where the trooper gave her the Miranda warnings and requested a blood sample. She refused. Blood was drawn for hospital purposes.

Two days later, prior to charges being filed, the trooper used a subpoena to obtain hospital records which indicated a blood alcohol level well above .01.

A complaint was filed on September 22, 1986, charging defendant with driving under the influence and driving at unsafe speed.

Defendant has filed pre-trial motions in the form of a motion for writ of habeas corpus; motion to sup-

press all statements; motion to suppress blood test results and motion in limine as to refusal.

Addressing the motion to suppress blood test results, first it is noted that although the motion itself refers to a "subpoena duces tecum" neither the Commonwealth nor defendant produced it. In fact, no explanation was given as to where it was procured, who issued it, how it was served, etc. We can only speculate, therefore, as to its existence.

Even if a subpoena did in fact exist, the case law is clear that it would be invalid since no case was yet before the court and medical records may not be removed from hospital premises "except for court purposes." Commonwealth v. Jolly, 337 Pa. Super. 130, 486 A.2d 515 (1984).

The matter is even more emphatically set forth in Commonwealth v. Polak, 438 Pa. 67, 263 A.2d 354 (1970) where our Supreme Court stated, "A prerequisite to the issuance of a subpoena is that there be some pre-existing matter or cause pending before the court."

The officer clearly testified that he obtained the blood test results prior to filing the complaint. As there was no case before any court, we have no alternative but to find that the results were obtained in violation of defendant's right and must therefore be suppressed.

As to the second suppression issue, i.e., all statements and admissions made by defendant subsequent to the arrival of the Pennsylvania State Police at the accident scene, the issue revolves around whether defendant should have been given Miranda rights prior to questioning.

The Commonwealth alleges that defendant was not under arrest, was not advised that she was under arrest and was therefore, not in custody at the scene or at the hospital.

The standard which must be followed is set forth in Commonwealth v. Chacko, 500 Pa. 571, 573, 459 A.2d 311, 314 (1983) where the court stated "a person is in custody when he is physically deprived in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by such interrogation."

The facts presented at hearing of this motion indicate that defendant repeatedly told emergency personnel to leave her alone. She told the trooper to leave her alone. She refused medical treatment at the scene.

Notwithstanding these requests, she was questioned repeatedly at the scene by the trooper, she was transported by ambulance to the hospital and again questioned by the trooper both in the emergency room and "between x-rays" in the x-ray room. All prior to being "arrested" or being given her Miranda warnings.

The trooper testified that he determined, based on his observations at the scene and experience, that defendant was "drunk" yet continued to question her not only over objection, but without benefit of Miranda, not for the purpose of admissions but "only to fill in the block on accident report" which refers to drinking.

Not only was there not an explicit waiver of rights as required by Commonwealth v. Bussey, 486 Pa. 221, 404 A.2d 1309 (1979), but repeated requests by defendant to be "left alone" both prior to the reading of the Miranda warnings and subsequent thereto.

We have no alternative but to suppress all statements made to the Trooper from the time of his ar-

rival at the accident scene.

Having disposed of the suppression issues in favor of defendant, the remaining facts upon which the court must decide the habeas corpus are that an accident occurred, the driver had an odor of alcoholic beverage on her breath, was obscene, loud, argumentative and uncooperative and appeared, in the opinion of the trooper to be "drunk".

Accepting the evidence and all reasonable inferences in a light most favorable to the Commonwealth, and using as our standard, prima facie as opposed to the reasonable doubt standard, we conclude that the Commonwealth has presented sufficient evidence to deny the habeas corpus.

The remaining issue is defendant's motion in limine to bar any reference at trial to her refusal to take a blood test. The Implied Consent Law specifically permits the fact of refusal to be introduced into evidence. 75 Pa. C.S. §1547(e). Our courts have held that introduction of such non-testimonial evidence does not violate defendant's constitutional rights. Commonwealth v. Dougherty, 259 Pa. Super. 88, 393 A.2d 730 (1978). We therefore deny the motion.

For the reasons stated above the court enters the following

### ORDER

And now, this January 15, 1987,

(1) Defendant's motion for writ of habeas corpus is denied.

(2) Defendant's motion to suppress statements is granted.

(3) Defendant's motion to suppress results of blood tests is granted.

(4) Defendant's motion in limine is denied.