223 So.2d 35 (1969)
In re ADVISORY OPINION TO THE GOVERNOR.
No. 38563.
Supreme Court of Florida.
May 14, 1969.
*36
 SUPREME COURT OF FLORIDA
 TALLAHASSEE
 May 14, 1969
Honorable Claude R. Kirk, Jr.
Governor of Florida
The Capitol
Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your communication of April 24, 1969, requesting our opinion upon a question affecting your executive powers and duties as authorized by Section 1(c), Article IV, Florida Constitution.
Omitting the formal parts, your letter reads as follows:
"Under the provisions of Section 1(e), Article IV, supra, the Governor is required by constitutional mandate to perform the following duty:
"`The governor shall by message at least once in each regular session inform the legislature concerning the condition of the state, propose such reorganization of the executive department as will promote efficiency and economy and recommend measures in the public interest.'
"Likewise, Section 6, Article IV, provides in part as follows:
"`Executive departments  All functions of the executive branch of state government shall be allotted among not more than twenty-five departments, exclusive of those spefically provided for or authorized in this constitution.'

*37 "In order to officially and effectively discharge my constitutional duty, particularly with regard to proposing a reorganization of the Executive Department, it is necessary that I receive a clarification of these provisions as they relate to the Florida Public Service Commission. Therefore, I have the honor to request your written opinion on the following question:
"`Is the performance of the duties of the Florida Public Service Commission, as presently constituted under Florida Statutes a function of the Executive Branch of State Government so as to require the reorganization of the Commission under Sections 1(e) and 6, Article IV of the Constitution?'"
In accordance with the provisions of Rule 2.1(h), Florida Appellate Rules, this request was filed with the Clerk. The Court, after conference, determined that such request was within the purview of Sec. 1(c), Art. IV, Fla. Const., 1968 and also determined that interested persons would be permitted to be heard on the questions presented through briefs and oral arguments. Notice of the hearing was given by the Clerk to the news media. William T. Mayo and Jess Yarborough, Chairman and Member, respectively, of the Florida Public Service Commission, through their attorney filed a brief and appeared at the oral argument.
We can look to historical backgrounds in construing the Constitution of 1968 to determine the cause and intent of its adoption. Lummus v. Adirondack School, 123 Fla. 810, 168 So. 232 (1936).
Art. XVI, Sec. 30, Fla. Const., 1885, provided as follows:
"The Legislature is invested with full power to pass laws for the correction of abuses and to prevent unjust discrimination and excessive charges by persons and corporations engaged as common carriers in transporting persons and property, or performing other services of a public nature; and shall provide for enforcing such laws by adequate penalties or forfeitures."
This section was not a grant of power to the Legislature, nor was it a limitation upon the power of the Legislature. It was simply an expressed recognition of a power existing in the legislative department of the state government. State v. Florida East Coast Railway Company, 57 Fla. 522, 49 So. 43 (1909). The Legislature had inherent authority to create and empower a Public Utilities Commission. See 73 C.J.S., Public Utilities, § 33, p. 1056.
Pursuant to this constitutional provision, which was merely declaratory of an inherent power, the Legislature in 1887 created what was then known as the Florida Railroad Commission. That agency was abolished by Ch. 4700, Laws of 1899, and a new railroad commission was created. The name of this agency was changed by several different acts of succeeding Legislatures until finally, in 1965, it became the Florida Public Service Commission. Ch. 65-52, § 1; Fla. Stat., § 350.11 (F.S.A.). This agency has never been a constitutional body, but is simply a creature of the Legislature. Beginning with railroads and related carriers in 1899 the jurisdiction of the Commission has been extended by succeeding Legislatures until, at the present time, it regulates the rates and service of railroads, motor carriers, freight forwarders, toll bridges and ferries, canal companies, telephone and telegraph companies, radio common carriers, private wire service, and gas and electric utilities. In addition the Commission regulates the rates and service of water and sewer systems in fifteen counties of the State. This jurisdiction has been granted the Commission by various acts of the Legislature. These laws are still in effect as § 6(a), Art. XII, Fla. Const., 1968 provides:
"All laws in effect upon the adoption of this revision, to the extent not inconsistent with it, shall remain in force *38 until they expire by their terms or are repealed."
The omission of Sec. 30, Art. XVI, Fla. Const., 1885, or similar provisions, in the Constitution of 1968 is immaterial in view of the inherent power of the Legislature to regulate these types of business enterprises involved in public service.
However, Sec. 10, Art. XII, Fla. Const., 1968, provides as follows:
"All provisions of Articles I through IV, VII and IX through XX of the Constitution of 1885, as amended, not embraced herein which are not inconsistent with this revision shall become statutes subject to modification or repeal as are other statutes."
So it is that former Sec. 30, Art. XVI, Fla. Const., 1885 has now become a statute subject to modification or repeal as are other statutes.
Administrative law and the creation of administrative agencies are of common law origin and existed long before the term "administrative law" came into use. The first Federal administrative law was embodied in the 1789 Statutes, and shortly thereafter legal writers conceded that the old doctrine prohibiting the delegation of legislative power had "virtually retired from the field." Administrative Law Treatise by Davis, Vol. 1, § 1.04. Except in the comparatively rare cases, where a combination of powers in a single agency was deemed to threaten, in some measure, the respective primacies of the Legislature or of the Courts, the State courts have sustained the delegation of combined legislative, prosecutory, and judicial powers to agencies. State Administrative Law by Cooper, Vol. One, p. 25. The three large segments of administrative law relate to transfer of power from Legislatures to agencies, exercise of power by the agencies, and review of administrative action by the Courts. The theory of separation of powers, while still guiding the drafters of various state constitutions, has hardly any influence upon administrative arrangements or activities. The problems of delegation are of sharply diminishing importance in state law. Administrative Law Treatise by Davis, Vol. 1, § 1.01. This Court in Florida Motor Lines v. Railroad Commissioners, 100 Fla. 538, 129 So. 876 (1930) said:
"All governmental functions may not be among `the powers of government' which the Constitution separates into three departments. Administrative and ministerial functions may be incidental to or essential to the exercise or execution of the `powers' that are divided into three departments; and the performance of administrative functions may require the exercise of judgment and discretion that is in the nature of quasi legislative or quasi judicial authority; and, when not in conflict with some provision or principle of organic law, statutes may authorize such functions to be performed by administrative or ministerial officers who do not exercise any of `the powers of the government' that are divided into the three departments, legislative, executive, and judicial."
Sec. 3, Art. II, Fla. Const., 1968, provides:
"The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."
This is a restatement of the provisions contained in Art. II, Fla. Const., 1885, relating to division of power and its adoption by the people did not result in the abolishment of the Florida Public Service Commission. The Legislature may still delegate legislative powers and judicial powers to an administrative agency. In fact, Sec. 1, Art. V of the present Constitution provides that the "judicial power" of the state is vested in named courts "and such other courts * * * or commissions, as the Legislature may from time to time *39 ordain and establish." (Emphasis supplied.)
The following also appears in Florida Motor Lines v. Railroad Commissioners, 100 Fla. 538, 129 So. 876 (1930):
"`The powers of the government' that are `divided into three departments' are not defined or enumerated in the Constitution or by statute. They are to be determined as occasion requires by a consideration of the language and intent of the Constitution as well as of the history, the nature, and the powers, limitations, and purposes of the republican form of government established and maintained under the Federal and State Constitutions. The essential nature and effect of the governmental function to be performed, rather than the name given to the function or to the officer who performs it, should be considered in determining whether the particular function is a `power of government' within the meaning of the Constitution; and, if it is such a `power,' whether it is legislative, executive, or judicial in its nature, so that it may be exercised by appropriate officers of the proper department. If a duty or function required by law to be performed is not one of `the powers of government' that is or must be assigned to only one department and that cannot be exercised by those `properly belonging to' another department, `except in cases expressly provided for by the Constitution,' then the Legislature may by statute authorize or require the performance of such governmental duty or function by those `properly belonging to' any of the three departments, provided such a performance of such statutory duty or function is not inconsistent with applicable provisions or principles of organic law.
"* * *
"The Railroad Commissioners are statutory administrative officers who exercise only statutory authority. Their administrative authority, functions, and duties are not among `the powers of government' which are by the Constitution separated into legislative, executive, and judicial `powers,' and which must be exercised only by appropriate officers `properly belonging to' one of the three `departments of the government of the state of Florida.' * * * Section 30, article 16, of the Constitution, contemplates that such quasi legislative authority may by statute be conferred with required limitations upon appropriate administrative officers or commissioners in order to effectuate the regulatory purpose of the Legislature. Likewise as to quasi judicial functions, conferred by statute upon the Railroad Commissioners. They are not judicial `powers' that must be exercised only by the courts. This is particularly so as to quasi judicial functions in view of the authority of the Legislature under the provision of amended section 35, article 5, Constitution, authorizing the Legislature to clothe any Railroad Commission with judicial powers in all matters connected with the functions of their office."
The Constitution of 1968 must be given effect according to its plain meaning and what the people must have understood it to mean at the time they adopted it. Advisory Opinion to Governor, 156 Fla. 48, 22 So.2d 398 (1945). At the time of the adoption of the Constitution the Commissioners were an elected body responsible to the people and exercising quasi legislative and quasi judicial functions.
As early as 1897 the Legislature realized the great impact of public service corporations on the citizens of the state and a necessity of some type of control. An agency regulating public service corporations has more effect on the lives of more people than any other agency. Therefore, in formulating the statute, the Legislature gave the people the right to elect the Commissioners of this administrative body. Since 1897 the original statute has been changed many times but, because of the importance of its regulatory activities, the *40 agency has been allowed to maintain its power to enforce its own orders and the Commissioners are still elected. This is the State's only independently elected administrative body.
We have examined the Minutes of the Florida Constitutional Revision Commission during the debates concerning the proposed Sec. 4, Art. IV, Fla. Const., 1968 and find no reference to the Florida Public Service Commission. While these discussions were instructive as to background, nevertheless what was submitted to the people for adoption was Sec. 4, Art. IV and not any discussion or debate which may have taken place during the meetings of the Commission. See 16 C.J.S., Constitutional Law, § 31; City of Springfield v. Clouse, 356 Missouri 1239, 206 S.W.2d 539 (1947).
The analysis of the 1968 Constitution prepared by the Legislative Reference Bureau and widely distributed to the electorate stated that the new provision "would reduce the number of executive departments." (Emphasis supplied.)
Sec. 6, Art. IV, Fla. Const., 1968 by its very terms applies only to the executive branch, while the Florida Public Service Commission is a part of the legislative or the judicial branch of government.
While we hold the Commission is not one of the functions of the executive branch to be allotted among the twenty-five executive departments, there is no preclusion in the 1968 Constitution preventing the Legislature from making the members of the Commission either elective or appointive, or placing the Commission under the Governor, or the State Cabinet, or abolishing it, or modifying the composition of the Commission.
We advise therefore that the performance of the duties of the Florida Public Service Commission as presently constituted under Florida Statutes is not a function of the executive branch of state government so as to require the reorganization of the commission under Secs. 1(e) and 6, Art. IV, of the Constitution.
 Very respectfully,
 RICHARD W. ERVIN,
 Chief Justice
 B.K. ROBERTS,
 E. HARRIS DREW,
 VASSAR B. CARLTON.
 JAMES C. ADKINS, Jr.,
 JOSEPH A. BOYD, Jr.,
 Justices.