QUESTIONS: 1. How is "executive branch of state government" defined? 2. How many executive branch departments now exist? 3. Is the Public Service Commission within the executive branch of state government? 4. If the answer to question 3 is yes, is the commission subject to the twenty-five department limitation in Art. IV, s. 6, State Const.?
SUMMARY: There now exist twenty-two executive branch departments subject to the twenty-five executive department limitation in Art. IV, s. 6, State Const. The Public Service Commission as presently constituted is not a part of the executive branch of state government and is thus not within the purview of ss. 1(e) and 6 of Art. IV, supra, nor is it subject to or within the constitutional twenty-five department limitation. AS TO QUESTION 1: A precise definition of "executive branch of state government" is not readily available. Neither the Constitution nor the Florida Statutes provides a means for drawing a clear dividing line among the three branches of government, and the courts have not attempted to draw such a line. Any definition which may be found is likely to be stated in very general and malleable terms, such as that in s. 20.02(1), F.S., which reads in part: "The executive branch has the purpose of executing the programs and policies adopted by the legislature and of making policy recommendations to the legislature." It has also been stated that: An executive department has primarily to do with the political government of the state in the execution and enforcement of the law where in the governor is the supreme executive head, but every commission which exercises executive duties in some capacity cannot be narrowed to the definition of being an executive department under the governor. [See] 81 C.J.S. States s. 50. The approach of the Florida Supreme Court can be seen in the following excerpt from a case which has been and continues to be heavily relied upon by the court in cases involving separation of powers and delegation of authority: "The powers of the government" that are "divided into three departments" are not defined or enumerated in the Constitution or by statute. They are to be determined as occasion requires by a consideration of the language and intent of the Constitution as well as of the history, the nature, and the powers, limitations, and purposes of the republican form of government established and maintained under the Federal and State Constitutions. The essential nature and effect of the governmental function to be performed, rather than the name given to the function or to the officer who performs it, should be considered in determining whether the particular function is a "power of government" within the meaning of the Constitution; and, if it is such a "power," whether it is legislative, executive, or judicial in its nature, so that it may be exercised by appropriate officers of the proper department. Florida Motor Lines v. Railroad Commissioners, 129 So. 876, 881 (Fla. 1930). The Court emphasized that there exist administrative and ministerial functions which do not necessarily fall within any of the three branches, and that, absent constitutional limitations, "statutes may authorize such functions to be performed by administrative or ministerial officers who do not exercise any of `the powers of the government' that are divided into the three departments, legislative, executive, and judicial." Id. AS TO QUESTION 2: In AGO 072-153, it was determined that there are twenty-two executive branch departments subject to the twenty-five executive department limitation of Art. IV, s. 6, State Const. Since no additional executive departments have been created since AGO 072-153 was issued, its conclusion remains valid. It should be noted that Ch. 74-386, Laws of Florida, did not create an additional executive department. Rather, as was explained in AGO 074-236, it reorganized the old Department of Law Enforcement and changed its name to the Department of Criminal Law Enforcement. AS TO QUESTION 3: This question may be answered by reference to In re Advisory Opinion to the Governor, 223 So.2d 35 (Fla. 1969), in which the Florida Supreme Court held that the Public Service Commission is a part of the legislative or the judicial branch of state government and that, as presently constituted, its duties and functions are not duties and functions of the executive branch of state government. AS TO QUESTION 4: Although the negative answer to the preceding question makes it unnecessary to consider this question, it might be noted that the Court, in In re Advisory Opinion to the Governor, supra, stated specifically that the Public Service Commission was not one of the functions of the executive branch to be allotted among the twentyfive executive departments, and that ss. 1(e) and 6 of Art. IV of the 1968 Constitution did not require the reorganization of the commission.