QUESTION: Is the Public Service Commission a "judicial tribunal" as contemplated by s. 8(e), Art. II, State Const., thereby permitting members of the Legislature to represent another person or entity for compensation during term of office before the commission?
SUMMARY: Unless judicially clarified to the contrary, the Sunshine Amendment, s. 8(e), Art. II, State Const., prohibits a legislator from personally representing another person or entity for compensation during term of office before the Public Service Commission. Section 8(e), Art. II, State Const. (approved at the 1976 general election), the so-called "Sunshine Amendment," provides in pertinent part: No member of the legislature shall personally represent another person or entity for compensation during term of office before any state agency other than judicial tribunals. Similar restrictions on other public officers and employees may be established by law. Since the Public Service Commission is a "state agency," the above restriction is applicable to practice before that body. See s. 350.011, F. S., renaming the state regulatory agency known as the Florida Railroad and Public Utilities Commission or Florida Public Utilities Commission the Public Service Commission, and s. 120.52(1)(b), F. S., defining "agency." The only question which remains is whether the Public Service Commission can be classified as a judicial tribunal, thereby exempting that body from the prohibition found at s. 8(e), Art. II, State Const. Section 1, Art. V, State Const., states that "judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts." This delineation of "courts" is sole and exclusive and "[n]o other courts may be established." Commissions established by law or administrative officers or bodies may, however, be granted quasi-judicial powers in matters connected with the functions of their offices. While the Legislature has the constitutional authority to delegate quasi-judicial powers to commissions established by law and administrative officers or bodies, a board which exercises such delegated quasi-judicial functions is clearly not a part of the judicial branch of government, Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260, 263 (Fla. 1973), and hence outside the restriction regarding establishment of courts found at s. 1, Art. V. It has been repeatedly recognized that the Public Service Commission is an administrative agency established by law which exercises quasi-legislative as well as quasi-judicial powers. See, e.q., In re Advisory Opinion to the Governor, 223 So.2d 35 (Fla. 1969); General Telephone Company v. Carter, 115 So.2d 554 (Fla. 1959); Florida Motor Lines v. Railroad Commissioners, 129 So. 876 (Fla. 1930); State ex rel. Swearingen v. Railroad Com'rs, 84 So. 444 (Fla. 1920); State v. Atlantic Coast Line R. Co., 47 So. 969 (Fla. 1908). In Florida Motor Lines, supra, the Supreme Court discussed the powers of the Railroad Commission (now the Public Service Commission) at length and summarized these powers as follows: The Railroad Commissioners are statutory administrative officers who exercise only statutory authority. Their administrative authority, functions, and duties are not among "the powers of government" which are by the Constitution separated into legislative, executive, and judicial "powers," and which must be exercised only by appropriate officers "properly belonging to" one of the three "departments of the government of the state of Florida." The authority conferred by statute under section 30, article 16, Constitution, to prescribe just and reasonable rates, rules, and regulations for the service rendered by common carriers and others "performing other services of a public nature" is quasi legislative in nature; but such authority *as conferred and limited by the statute is not one of "the powers of the government of the state of Florida" that *must be exercised only by the Legislature. . . . Section 30, article 16, of the Constitution, contemplates that such quasi legislative authority may by statute be conferred with required limitations upon appropriate administrative officers or commissioners in order to effectuate the regulatory purpose of the Legislature. Likewise as to quasi judicial functions, conferred by statute upon the Railroad Commissioners. They are not judicial "powers" that must be exercised only by the courts. This is particularly so as to quasi judicial functions in view of the authority of the Legislature under the provision of amended section 35, article 5, Constitution, authorizing the Legislature to clothe any Railroad Commission with judicial powers *in all matters connected with the functions of their office. See, also, section 1, article 5, Constitution, as amended in 1914. Statutes confer upon the state board of law examiners quasi judicial powers that had theretofore been exercised by the courts. . . . Likewise as to the state board of medical examiners . . . and Florida real estate commission . . . . It was held in State v. Brown, 19 Fla. 563, that the statutory authority to hear and determine complaints against the holders of licenses and to revoke licenses, is a judicial function. . . . It is a quasi judicial function. . . . If revoking a license on complaint and hearing is a judicial function, the granting of a license upon adversary hearing and in the exercise of a determining judgment affecting claims of adversary privileges is a quasi judicial function. . . . If revoking a certificate issued under chapter 13700 is expressly attempted to be made subject to appellate review as a judicial function, then certainly the issue of such certificates after the prescribed adversary hearing and determination of conflicting claims in the exercise of judgment and discretion is a quasi judicial function, though not a "judicial power" that can lawfully be exercised only by the courts . . . . [*Emphasis by the court; other emphasis supplied.] While the commission exercises quasi-legislative authority in the area of rate regulation, the mere exercise of this delegated authority does not transform the commission into a legislative body. Similarly, the exercise of quasi-judicial power by the commission does not make the commission a judicial tribunal. The commission is simply an administrative agency which has been delegated legislative and judicial powers by the Florida Legislature. See In re Advisory Opinion to the Governor, supra, at 38. These powers are of an administrative nature and are not the type of judicial or legislative governmental powers which can be exercised by only one of those departments. The powers of all the departments are exercised by their proper officials through or by the aid of administrative officers. The Constitution provides for and authorizes the Legislature to provide for administrative officers who lawfully perform functions and duties and exercise more or less authority under the direction of officers who have real governmental powers, and who may properly belong to different departments of the government. This clearly indicates that all official duties, authority, and functions prescribed or contemplated by law are not necessarily governmental powers within the meaning of the constitutional provisions separating the powers of government into departments. . . . The exercise of powers that appertain exclusively to the Legislature, the Governor, and the courts is not subject to limitations or to review except as provided by the organic law. As the authority given the Commissioners is subject to the limitations imposed by the Legislature, and as the exercise of the authority is reviewable by the courts, the authority cannot be really a governmental power that appertains exclusively to the legislative department. Such authority may therefore be regarded as merely administrative. State and county officers carry out the legislative will, assist the executive in executing the laws, and aid the courts in making their proceedings and judgments effective. The functions performed by such officers are administrative, and are not the governmental powers separated into departments by the Constitution. The exercise of some authority, discretion, or judgment may be incident or necessary to the performance of administrative or ministerial duties; but such authority, discretion, or judgment is subject to judicial review, and is not among the powers of government that the Constitution separates into departments. [State v. Atlantic Coast Line, supra, at 974-975.] An adjudicatory proceeding before an administrative officer or body is not an action at law. 73 C.J.S. Public Administrative Bodies and Procedure s. 115. An administrative board is not a part of the judiciary, and the Supreme Court cannot promulgate rules of practice and procedure for administrative bodies as it may in the instance of state courts. Canney v. Board of Public Instruction, supra, at 262. See and compare ss. 120.57, 120.58, 120.68, and120.72(3), F. S. (1976 Supp.). Moreover, the Sunshine Amendment must be given effect according to its plain meaning and what the people of Florida must have understood it to mean at the time they adopted it. In re Advisory Opinion to the Governor, supra, at 39. This is especially true when a constitutional amendment is initiated directly by the people as opposed to being proposed by a joint resolution of the Legislature. The ordinary common meaning of the term "judicial tribunal" indicates that both of these words relate to the courts. "Judicial" has been defined as . . . of or relating to a judgment, the function of judging, or the judiciary; belonging to the branch of government that is charged with trying all cases that involve the government and with the administration of justice within its jurisdiction — compare EXECUTIVE, LEGISLATIVE; ordered or enforced by a court. [Webster's New Collegiate Dictionary, 1975 Ed.] "Tribunal" means "the seat of a judge; a court or forum of justice; something that decides or determines, i.e., the `tribunal of public opinion.'" Webster's, id. When the ordinary definitions of these two words are read together, it seems apparent that the people who initiated the Sunshine Amendment and adopted the same at the 1976 general election believed that the words "judicial tribunal" limited the restriction of s. 8(e), Art. II, State Const., to those entities normally considered to be "courts" and a part of the judicial system of Florida and not administrative agencies, such as the Public Service Commission, which merely exercise quasi-judicial functions. Accordingly, unless judicially clarified to the contrary, I am of the view that the Public Service Commission is not a "judicial tribunal" as contemplated by the Sunshine Amendment, s. 8(e), Art. II, State Const.