Bob Graham Governor
Nevin Smith Secretary of Administration Department of Administration Tallahassee
QUESTIONS:
1. For what purpose is the Florida State Commission on Hispanic Affairs a state agency?
2. Are the commission's employees state employees for purposes of state benefits as well as personnel matters?
SUMMARY:
Until legislatively or judicially determined otherwise, the Commission on Hispanic Affairs is an agency of state government for the purposes of chs. 120, 440, 443, and 650 and ss. 110.123,111.07, and 111.071, F. S.; and the commission's personnel are state employees under the Career Service System, part II of ch. 110, F. S., and the Florida Retirement System, ch. 121, F. S.
Initially, it must be cautioned that this opinion cannot be considered a catalogue raisonne on the Commission on Hispanic Affairs; it does not undertake to examine the entire statutory body of law and all constitutional provisions which affect or might be applicable to the commission. This opinion endeavors to examine some pertinent statutory provisions which apply to the commission in an effort to be of some assistance. Further, this office cannot undertake to determine the scope, extent, or details of the particular statutes commented upon in this opinion. It is the responsibility of the agency vested with the management and supervision of a particular statute, or, in the case of a self-executing mandatory statute, the affected body or individual, to ensure that the details of the statute are complied with.
The Florida State Commission on Hispanic Affairs, created within the Executive Office of the Governor, consists of 15 members who are appointed by the Governor. Section 14.25(2)(a), F. S. However, as s. 14.25(2)(e) provides, `[t]he commission shall not be subject to control, supervision, or direction by the Executive Office of the Governor.' The members of the commission, who serve terms of 4 years (s. 14.25(2)(d)), serve without compensation but are reimbursed for per diem and travel expenses in accordance with s.112.061, F. S. Section 14.25(2)(c). The commission has the authority to employ an executive director and such other personnel as may be necessary to carry out the provisions of s. 14.25. Section 14.25(2)(f). In order to fund the commission's assigned duties and to implement the provisions of s. 14.25, the Legislature appropriated to the commission s 157,410 by the 1979 Appropriations Act. See s. 1, Item 229, ch. 79-212, Laws of Florida.
The primary duty of the commission is to carry out a comprehensive and ongoing study of the problems and the needs of those citizens of Florida who are of an Hispanic origin or who predominantly speak the Spanish language. Section 14.25(1) and (4)(a), F. S. The commission's authority and duties are statewide and are not limited to any one locale within the state. The expressed legislative intent was to `provide a means by which the state may obtain a comprehensive and ongoing study relating to those citizens of Florida who are of an Hispanic origin.' (Emphasis supplied.) Section 14.25(1). Based on its study, the commission is required to prepare an annual report which is presented to the Governor, with copies to the President of the Senate and the Speaker of the House of Representatives. The report is to include specific suggestions for legislation and recommendations for administrative or regulatory reform deemed to be necessary. Section 14.25(4)(b). In furtherance of its statutory duties, the commission has the authority to procure information and assistance from the state or any subdivision, municipal corporation, public officer, governmental department, or agency thereof. If the request for information is not honored, the commission is empowered to apply to any circuit court that has jurisdiction for an order compelling the information. Failure to obey such court order may be punished by the court as contempt. Section14.25(3)(c). In addition, the commission `may apply for and accept funds, grants, gifts, and services from the state, the government of the United States or any of its agencies, or any other public or private source' and use such money for clerical and administrative costs as may be necessary for carrying out the commission's assigned duties. Section 14.25(3)(d).
As to the commission's statutory relationship to the state, s.14.25(1), F. S., provides that the commission `is not an executive department or agency for purposes of assignment under s. 6 of Art.IV of the State Constitution, nor is it an agency within the legislative intent of chapter 216 or chapter 287.' (Emphasis supplied.) Although the Commission on Hispanic Affairs may not be considered a state agency for certain purposes, such as planning and budgeting (ch. 216, F. S.) or purchasing (ch. 287, F. S.), nor an executive department or agency for governmental reorganization purposes, these specifically provided legislative exceptions from the operation of the designated constitutional and statutory provisions would not preclude the commission's being constituted as an agency of the state for other purposes. Cf. AGO 076-185, which concluded that the Florida State Fair Authority, while not assigned to nor made a part of the executive branch of state government and not a state agency for purposes of ch. 287 or part II of ch. 284, F. S., was a public corporation and special instrumentality of the state; and see Commission on Ethics Opinion to Leonard L. Elias, CEO 79-69, which concluded that the commission members are to be considered `state officers' subject to the annual filing of financial disclosure requirements of the Code of Ethics for Public Officers and Employees, part III, ch. 112, F. S. This opinion, for the purposes of part III, ch. 112, is definitive and binding until and unless judicially declared otherwise. See s. 112.322(3).
Thus, a determination whether the commission should be considered an agency of the state for certain other purposes requires an examination of the specific statutes in question and an analysis of the applicable statute and case law to the commission and its employees. Cf. In re Advisory Opinion to the Governor,223 So.2d 35 (Fla. 1969), which held that, while the Public Service Commission was not a part of the executive branch of government and not subject to the governmental reorganization requirements of s. 6, Art. IV, State Const., there was `no preclusion in the 1968 Constitution preventing the Legislature from . . . placing the Commission under the Governor, or the State Cabinet . . . .'
AS TO QUESTION 1:
Whether the Commission on Hispanic Affairs must comply with the rulemaking and other requirements of ch. 120, F. S., known as the `Administrative Procedure Act,' depends upon the applicability to the commission of the definition of `agency' provided in that act. Section 120.53 requires that all covered `agencies' must adopt rules relating to the operation of the agency; rules as to the practice of the agency regarding all formal and informal procedures, including a list of all forms and instructions used by the agency in its dealings with the public; rules which describe the agency's organizational structure, including a statement of the general course and method of its operation; and rules which specify the methods whereby the public can obtain information. Further, s. 120.53(2) requires all subject agencies to make all rules, orders, and a current subject matter index for all rules adopted subsequent to January 1, 1975, available for public inspection and copying.
Section 120.52(1)(b), F. S., in relevant part, defines `agency' to mean `[e]ach other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority . . . .' (Emphasis supplied.) The Commission on Hispanic Affairs is a statutory creature whose duties and responsibilities include a statewide comprehensive and ongoing study of the problems and needs of the Spanish-speaking citizens of Florida. The expressed legislative purpose for its creation is to provide means by which the state
could obtain such a study. See s. 14.25(1), F. S. Annual reports required of the commission are for the purpose of suggesting necessary legislation and recommending administrative or regulatory reform (s. 14.25(4)(b)), which are matters properly belonging to the legislative branch of government and properly assignable to a commission such as the one under consideration.See AGO 076-185, and In re Advisory Opinion to the Governor,223 So.2d 35 (Fla. 1969). Members of the commission are appointed by the Governor, and its operating funds, as well as money for its employees' salaries, are provided by the Appropriations Act from the General Revenue Fund of the state. See s. 1, Item 229, ch. 79-212, Laws of Florida. It would therefore appear that the Commission on Hispanic Affairs is an agency of the state or a state `commission' or `board' for the purposes and within the purview of ch. 120, F. S., and subject to the rulemaking and other requirements thereof.
Regarding the eligibility of members and employees of the Commission on Hispanic Affairs to participate in the state group insurance program, s. 110.123(3)(c), F. S., established a state group insurance program for `all state officers, full-time state employees, and part-time state employees . . . .' Section110.123(2)(c), in relevant part, defines a `state officer' as `any appointed state officer who is commissioned by the Governor and
who is paid by state warrant.' (Emphasis supplied.) See also s.110.123(4)(a), which requires legislative authorization through the Appropriations Act for the payment by a state agency of any part of the premium cost of participation in any group plan.
The fact that commission members are not compensated for their service on the commission serves to exclude their participation in the state group insurance program. However, the opposite conclusion is reached as to eligibility for participation by employees and the executive director of the commission. `Full-time state employees' are defined to include:
 . . . all full-time employees of all branches or agencies of state government holding salaried positions and paid by state warrant or from agency funds, and employees paid from regular salary appropriations for 8 months' employment, including university personnel on academic contracts, but in no case shall `state employee' or `salaried position' include persons paid from other-personal-services (OPS) funds. [Section 110.123(2)(d), F. S.; emphasis supplied.]
`Part-time employee' is defined to mean:
 . . . any employee of any branch or agency of state government paid by state warrant from salary appropriations or from agency funds, and who is employed for less than the normal full-time work week established by the department or, if on academic contract or seasonal or other type of employment which is less than year-round, is employed for less than 8 months during any 12-month period, but in no case shall `part-time' employee include a person paid from other-personal-services (OPS) funds. [Section 110.123(2)(e), F. S.; emphasis supplied.]
`State agency' or `agency' is defined to mean `any branch, department, or agency of state government.' (Emphasis supplied.) Section 110.123(2)(i), F. S. These definitions cover the executive director and other full-time and part-time employees of the commission who are paid with commission funds derived from the 1979 Appropriations Act, or with funds derived from the public or private sources listed in s. 14.25(3)(d), F. S., unless the individual is a `person paid from other-personal-services (OPS) funds.'
The Commission of Hispanic Affairs is a state agency for the purposes of and within the scope of s. 768.28, F. S., the waiver of sovereign immunity statute. The Legislature, by the enactment of s. 768.28 and subject to the limitations therein prescribed, has waived sovereign immunity with respect to tort liability for the `state . . . and for its agencies.' (Emphasis supplied.) The definition of `state agencies or subdivisions' set forth in s.768.28(2) includes all three branches of state government, executive, legislative, and judicial, and all independent establishments of the state. Cf. AGO 075-145, which concluded that the Fire Fighters Standards Council within the Department of Community Affairs is an agency of the state for purposes of s.768.28. Consequently, the Commission on Hispanic Affairs, as an independent statutory creature within the executive office of the Governor with statewide authority, duties, and functions, falls within the definitional purview of s. 768.28, regardless of which branch of state government it may be determined to be a part of or whether it is deemed to be an independent establishment of the state. Accordingly, I am of the view that the commission is an agency of the state for the purposes and within the purview of s.768.28. I am likewise of the view that the Commission on Hispanic Affairs is within the definitional purview and may avail itself of the provisions of ss. 111.07 and 111.071, F. S., since these two statutes authorize any `agency of the state' to utilize their benefits.
The Commission on Hispanic Affairs is subject to the Workers' Compensation Law, ch. 440, F. S., and the Unemployment Compensation Law, ch. 443, F. S., and is therefore liable for and must provide the benefits set forth in those laws for its officers and employees. Section 440.02(1)(b)1., dealing with workers' compensation, defines `employment' to include `[e]mployment by the state and all political subdivisions thereof and all public and quasi-public corporations therein, including officers elected at the polls'; s. 440.02(4) defines `employer' to mean the `state and all political subdivisions thereof . . . .' While the Commission on Hispanic Affairs is obviously not a political subdivision of the state, it is, however, an agency or instrumentality of the state with statewide jurisdiction, functioning as an independent establishment of the state, and is therefore an `employer' within the above statutory definitions of ch. 440.
Section 443.03, F. S., which sets forth definitions to be used under the Unemployment Compensation Law, ch. 443, F. S., provides in s. 443.03(5)(b)4. the employment shall include
 [s]ervice performed after December 31, 1977, in the employ of this state or any of its instrumentalities . . . provided such service is excluded from `employment' as defined in s. 3306(c)(7) of the Federal Unemployment Tax Act and is not excluded from `employment' under paragraph (d) of this subsection.
The Commission on Hispanic Affairs, as an agency or instrumentality of the state which has statutorily assigned statewide jurisdiction and duties, comes within the definitional purview of `this state or any of its instrumentalities,' contained in s. 443.03(5)(b)4.; therefore, the terms of ch. 443 would apply to all services performed by an employee of the commission unless excluded by s. 443.03(5)(d)4.a., b., c., or d.
Your letter stated that the Internal Revenue Service (IRS) refunded the commission's social security tax payments and advised the commission that, as an agency of the state, such tax should be forwarded to the state. Chapter 650, F. S., which authorizes social security for public employees, extends the benefits of the Federal Old-age and Surviors Insurance System to `employees of the state or any political subdivision thereof with respect to services specified in such agreement which constitutes `employment' as defined in s. 650.02.' The state agency charged with administration of ch. 650 is the Division of Retirement of the Department of Administration which receives payments from all participating state agencies for deposit into the Social Security Contribution Trust Fund. See s. 650.04 and 650.06. Payments from this trust fund are then made to the Secretary of the Treasury pursuant to the agreement between the state and the Federal Security Administration. Section 650.06. Section 650.03(1)(d) provides that `[a]ll services which constitute employment as defined in s. 650.02 and are performed in the employ of the state by employees of the state, shall be covered by the agreement.' The term `employment' is defined by s. 650.02(2) to mean `any services performed by an employee in the employ of the state, or any political subdivision thereof . . . .' It would therefore appear that the Commission on Hispanic Affairs is an agency of the state for the purposes of ch. 650 and should remit contributions, in the amounts and at the rates specified in the state's agreement with the Federal Security Administration, for itself and its employees to the Social Security Contribution Trust Fund as required under such agreement and ch. 650.
AS TO QUESTION 2:
A determination of the eligibility of Commission on Hispanic Affairs employees, including the executive director, to participate in the state's Career Service System, part II, ch. 110, F. S., requires an examination of the definitional provisions of that act and its application, including exemptions, to the commission's employees and executive director. Section 110.203(1) defines `state agency' or `agency' as `any official, officer,commission, board, authority, council, committee, or department of the executive branch . . . of state government . . . .' (Emphasis supplied.) See the definition provided in s.216.011(1)(e), F. S., which provides clarifying punctuation, for comparison. Section 110.203(25) defines `employing agency' as `any agency authorized to employ personnel to carry out the responsibilities of the agency under the provisions of chapter 20or other statutory authority.' (Emphasis supplied.) `Position' is defined by s. 110.203(2) to mean `the work, consisting of duties and responsibilities, assigned to be performed by an officer or employee.'
Part II of ch. 110, F. S., is mandatorily applicable to all covered positions unless specifically exempted from the Career Service System by part II. Section 110.205(1) provides: `The career service to which this part [part II] applies shall include all positions not specifically exempted by this part, and other provisions of the Florida Statutes to the contrary notwithstanding.'
The Commission on Hispanic Affairs, an independent statutory entity with statewide jurisdiction and functions as thereinbefore noted, whose executive director and other personnel are employed by the commission and paid with moneys appropriated from the General Revenue Fund or agency funds derived from the public or private sources enumerated in s. 14.25(3)(d), F. S., appears to fall within the definitional purview of part II, ch. 110, F. S. The commission, therefore, is an agency of state government for the purposes and within the purview of ch. 110. Members of the commission, however, are exempted from the Career Service System by s. 110.205(2)(c). Any exemption from the application of part II of ch. 110 for a covered position must be specifically provided for by part II or be a subsequent piece of legislation. See s.110.205(1) and (2); State v. City of Boca Raton, 172 So.2d 230
(Fla. 1965); and Johnson v. State, 27 So.2d 276 (Fla. 1946). Section 110.205(2)(k), in relevant part, provides that `the chief administrative officer and the deputy administrative officer of each board or commission' shall be exempt from the provisions of part II, ch. 110. This exemption appears to be applicable to the commission's executive director, who thus would be exempted from the Career Service System. However, the Department of Administration has the authority and duty to set the salary of the executive director unless otherwise fixed by law. See s.110.205(2)(k). Section 14.25 does not purport to fix the salary of the executive director or any other personnel that may be employed by the commission.
As to the application of the provisions of the Florida Retirement System Act, codified as ch. 121, F. S., to the commission and its staff personnel, s. 121.051(1)(a), in pertinent part, provides:
 The provisions of this law shall be compulsory as to all officers and employees . . . who are employed on or after December 1, 1970, of an employer other than those referred to in paragraph (2)(b), and each officer or employee, as a condition of employment, shall become a member of the system as of his date of employment . . . .
The definitions employed by ch. 121 are consistent with those of ch. 110, F. S., and include employees of the commission, including the executive director. `Employer' is defined by s. 121.021(10) asany agency, branch, department, institution, university, institution of higher education, or board of the state . . . .' (Emphasis supplied.) Cf. s. 110.203(1) and (25). `Officer or employee' is defined in s. 121.021(11) as `any person receiving salary payments for work performed in a regularly established position . . . .' These definitions are broad enough to include the employees, including the executive director, of the commission, and it is my conclusion that, unless judicially determined to the contrary, such personnel are compulsorily covered under the subject to the provisions of ch. 121 and are members of the Florida Retirement System.
Prepared by: Craig B. Willis, Assistant Attorney General