Mr. J. Paul Griffith County Attorney Jackson County Post Office Box 207 Marianna, Florida 32446
Dear Mr. Griffith:
This is in response to your request for an opinion on substantially the following question:
 DOES THE 1980 AMENDMENT OF s 9(c)(5), ARTICLE XII, STATE CONSTITUTION, CHANGE THE PERMITTED USES OF SURPLUS SECOND GAS TAX REVENUES, SUCH THAT THEY MAY BE USED FOR ROAD MAINTENANCE?
Your inquiry notes that in earlier Attorney General Opinions (AGO's 079-104 and 079-43), it was concluded that a county's use of surplus second gas tax funds is limited by s 9(c)(5), Art. XII, State Const., to the `construction of roads', and that such revenues may not be lawfully used for the maintenance and repair of existing roads and bridges. It was also concluded that surplus second gas tax funds returned to a county may not be used for the purchase of road machinery, such funds being restricted to the acquisition of right-of-way and construction of roads, and further that such funds may not be used to resurface existing roads, since resurfacing is treated as maintenance.
Section 9(c)(5), Art. XII, was amended in 1980, and currently provides in pertinent part:
 The proceeds of the `second gas tax' subject to allocation to the several counties under this paragraph (5) shall be used first, for the payment of obligations pledging revenues allocated pursuant to Article IX, Section 16, of the Constitution of 1885, as amended, and any refundings thereof; second, for the payment of debt service on bonds issued as provided by this paragraph (5) to finance the acquisition and construction of roads as defined by law; and third, for the acquisition and construction of roads and for road maintenance as authorized by law. (e.s.)
The 1980 amendment added the phrase `and for road maintenance as authorized by law' at the end of the fourth sentence of subsection (c)(5).
Thus, you ask what effect the 1980 amendment to s 9(c)(5) has on the aforementioned conclusions reached in AGO's 079-104 and 079-43, concerning the use of surplus second gas tax funds for road maintenance. To the extent that the conclusions in these AGO's pertain to the use of surplus second gas tax revenues for maintenance of roads and bridges, the 1980 amendment operates to modify those conclusions. The plain meaning of the language contained in the 1980 amendment, which is set forth above, compels me to conclude that counties may now spend surplus second gas tax funds for road maintenance if authorized by law. Compare, In re Advisory Opinion to the Governor, 223 So.2d 35, 39 (Fla. 1969), and City of St. Petersburg v. Briley, Wild Assoc., Inc.,239 So.2d 817, 822 (Fla. 1970) (holding that courts are obligated to give effect to language contained in a constitutional provision according to its plain meaning, and that if the language is clear, courts have no power to go outside the bounds of the provision in search of a different meaning). A review of pertinent statutes indicates that counties are authorized by law to perform road repair and maintenance. Section 336.02 expressly provides:
 The county commissioners are invested with the general superintendence and control of the county roads and structures within their respective counties, and may establish new roads, change and discontinue old roads, and keep the same in good repair in the manner herein provided. They shall be responsible for establishing the width and grade of such roads and structures in their respective counties. (e.s.)
See also, s 206.60(2)(b)2. (assigning to the county commission full responsibility for the maintenance of roads in the county road system); s 335.04 (which speaks to the roads under the jurisdiction of the counties). Additionally, s 125.01(1)(m) (which states that counties have power to provide roads) when read in pari materia with s 125.01(3)(a) and (b) (which incorporates implied powers necessary to carry out enumerated powers, and which secures home rule powers for counties as authorized by the Constitution), indicates that counties are authorized to repair and maintain roads that are a county responsibility. See also, Speer v. Olson, 367 So.2d 207 (Fla. 1978), and s 1(f), Art. VIII, State Const. See, ss 339.089(2) and 334.03(23) (the latter of which defines the `county road system' as that term is used in Title XXVI, the Public Transportation Code, F.S.). Note also AGO 080-22 (concluding that surplus second gas tax funds must be used for the acquisition and construction of roads within the `county road system' and cannot properly be expended for the construction of any other roads).
In summary, it is my opinion until legislatively or judicially determined otherwise, that the 1980 amendment of s 9(c)(5) of Art. XII of the State Constitution changes the permitted uses of surplus second gas tax funds, such that these funds may be used for maintenance of roads within the county road system, as defined in s 334.03(23), F.S.
Sincerely
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General