Mr. Randy Ludacer Monroe County Attorney 310 Fleming Street Key West, Florida 33040
Dear Mr. Ludacer:
You have asked for my opinion on substantially the following question:
May Monroe County use the proceeds from the 80 percent portion of the constitutional gas tax authorized by s. 9(5), Art. XII, State Const., for routine maintenance of county roads?
In sum:
The 1980 amendment of s. 9(5), Art. XII, State Const., changed the permitted uses of surplus second gas tax funds, so that these funds may be used by counties to maintain roads within the county road system, as defined in s. 334.03(7), F.S.
According to your letter, the majority of Monroe County's population is located in the Florida Keys portion of the county. This area has been designated an area of critical state concern and this designation, coupled with other land planning and development regulations, has drastically reduced the need for new roads in Monroe County. Thus, you question the ability of the county to utilize its share of the surplus second gas tax for the maintenance of those existing roads within the county road system, rather than the construction of new roads.
As you have noted, opinions of this office rendered prior to the 1980 amendment of s. 9(5), Art. XII, State Const., concluded that a county's use of surplus second gas tax funds was limited to the construction of roads and that these revenues could not be lawfully used for the maintenance or repair of existing roads and bridges. These opinions also concluded that surplus second gas tax funds returned to a county could not be used for the purchase of road machinery, such funds being restricted to the acquisition of rights-of-way and construction of roads, and further that such funds could not be used to resurface existing roads, since resurfacing is treated as maintenance.[1]
However, s. 9(5), Art. XII, State Const., was amended in 1980, and provides, in part, that:
The proceeds of the "second gas tax" subject to allocation to the several counties under this paragraph (5) shall be used first, for the payment of obligations pledging revenues allocated pursuant to Article IX, Section 16, of the Constitution of 1885, as amended, and any refundings thereof; second, for the payment of debt service on bonds issued as provided by this paragraph (5) to finance the acquisition and construction of roads as defined by law; and third, for the acquisition and construction of roads and for road maintenance as authorized by law. (e.s.)
The 1980 amendment added the phrase "and for road maintenance as authorized by law" at the end of the fourth sentence of sub-section (5). Thus, the changes in s. 9(5), Art. XII, State Const., affected by the 1980 amendments would act to modify those earlier opinions.[2] The language contained in the 1980 amendment, which is underlined above, plainly authorizes counties to spend surplus second gas tax funds for road maintenance if authorized by law.[3] An examination of relevant statutes indicates that counties are authorized by law to perform road repair and maintenance.
The statutes specifically vest responsibility for the county road system in the county commissioners as follows:
The commissioners are invested with the general superintendence and control of the county roads and structures within their respective counties, and they may establish new roads, change and discontinue old roads, and keep the roads in good repair in the manner herein provided. They are responsible for establishing the width and grade of such roads and structures in their respective counties.[4] (e.s.)
In addition, s. 125.01(1)(m), F.S. (1992 Supp.), states that counties have the power to provide roads. Reading s. 125.01(1)(m), F.S. (1992 Supp.), together with s. 125.01(3)(a) and (b), F.S. (1992 Supp.), which recognizes that counties have the implied authority to accomplish those specifically enumerated powers and duties set forth in s. 125.01, F.S. (1992 Supp.), and secures constitutional home rule powers to counties, it is clear that counties are authorized to repair and maintain roads which are a county responsibility.[5]
Therefore, it is my opinion that s. 9(5), Art. XII, State Const., authorizes counties to use surplus second gas tax funds for the maintenance of roads within the county road system, as defined in s. 334.03(7), F.S.[6]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, AGO's 79-104 and 79-43.
[2] See, AGO 82-55 ("[t]o the extent that the conclusions in [AGO's 79-104 and 79-43] pertain to the use of surplus second gas tax revenues for maintenance of roads and bridges, the 1980 amendment operates to modify those conclusions.")
[3] Cf., In re Advisory Opinion to the Governor, 223 So.2d 35, 39
(Fla. 1969), and City of St. Petersburg v. Briley, Wild Assoc., Inc., 239 So.2d 817, 822 (Fla. 1970) (holding that courts are obligated to give effect to language contained in a constitutional provision according to its plain meaning, and that if the language is clear, courts have no power to go outside the bounds of the provision in search of a different meaning).
[4] See, s. 336.02(1)(a), F.S. See also, s. 334.01(7), F.S., defining the "[c]ounty road system" as "all collector roads in the unincorporated areas and all extensions of such collector roads into and through any incorporated areas, all local roads in the unincorporated areas, and all urban minor arterial roads not in the State Highway System."
[5] See also, Speer v. Olson, 367 So.2d 207 (Fla. 1978), and s. 1(f), Art. VIII, State Const. 
[6] See also, AGO 82-55. And see, AGO 83-26 (the county may, with those exceptions noted, use the surplus of the constitutional gas tax to lease or purchase road equipment necessary for or directly connected with and necessarily incidental to carrying out its responsibilities for the construction and maintenance of roads); and AGO 84-6 (a county is authorized to utilize the surplus of the constitutional gas tax to purchase and install traffic control devices on existing roads within the county road system). Cf., AGO 92-20 which concludes that, while s. 336.025(7)(b), F.S., does not authorize the expenditure of local option gas tax revenues for the construction of a garage and maintenance equipment, such funds may be used for roadway and right-of-way maintenance.